## GEORGE LUCK v. STATE.

No. A-5946.   Opinion Filed Nov. 19, 1927.
(260 Pac. 1118.)

C. B. Leedy, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. The appellant, George Luck, was tried and convicted on an information charging that in Ellis county, October 6, 1924, he "did sell to B. E. Slagle, two pints of whisky"; the jury leaving the punishment to be fixed by the court. Motion for new trial was duly filed and overruled. On August 15, 1925, the court sentenced appellant to be confined in the county jail for 30 days and to pay a fine of $100. To reverse the judgment he appeals.

The main, if not the only, question presented is whether the evidence was sufficient to sustain the verdict.

B. E. Slagle, prosecuting witness, testified that he was employed and paid by certain citizens of Shattuck to come down there to get evidence against certain persons whose names had been furnished to him; that he was there about 15 days and met appellant the first time in Winter's real estate office in Shattuck and made arrangement with him to buy some liquor, and appellant said that he would have to go to the country for it; that in about 25 minutes he came back and called him into the back room, and appellant delivered the whisky, for which he paid appellant $4, two pint beer bottles of whisky; that they drank one bottle up there and witness turned the other bottle over to the marshal of Shattuck. The state by other witnesses traced the bottle to its delivery to the sheriff, but did not introduce the bottle in evidence.

As a witness in his own behalf, appellant testified that he had lived in Shattuck and on his farm near by for about 20 years; that he met the witness Slagle several times on the streets of Shattuck and each time Slagle said that he wanted to buy some

whisky; later he met him in Winter's real estate office, and Slagle again wanted to buy some whisky; that he did not think that he could get him any whisky, but would try, and he went out and picked up a bottle in the alley and went into Brown's garage and there filled it with water at the hydrant; that the garage is about a block from Winter's office; that he returned with the bottle to Winter's office and went with Slagle into the back room, turned over the bottle to him and Slagle gave him $2 and he walked out; that he never did sell Slagle any whisky at any time.

For the defense, J. D. Thomas, sheriff, was recalled and identified the bottle as the one that was turned over to him. He was then asked to open the bottle and state what its contents was. He tasted it, and said, "It is spring water, a year old." The bottle and its contents was then passed to the jury for their examination.

Aside from the testimony of B. E. Slagle, there is no evidence tending to show the commission of the offense.

In Smith v. State, 34 Okla. Cr. 396, 246 P. 1105, we said:

"The only evidence in the case against the defendant was the uncorroborated testimony of B. E. Slagle, who, as shown by numerous decisions of this court, has heretofore been successfully impeached and discredited as a witness."

And see Phelps v. State, 33 Okla. Cr. 380, 244 P. 453; Gabler v. State, 33 Okla. Cr. 317, 243 P. 981; Prochneau v. State, 32 Okla. Cr. 210, 240 P. 1090.

Upon the record before us, we are of opinion that the trial court erred in refusing to grant the motion for a new trial on the ground that the verdict was contrary to the law and the evidence.

Because the evidence is insufficient to sustain a conviction, the judgment is reversed.

EDWARDS and DAVENPORT, JJ., concur.