## JAKE WINTERS v. STATE.

No. A-5958. Opinion Filed Jan. 14, 1928.
(262 Pac. 709.)

Perry J. Morris, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. The information charged that on October 9, 1924, one Jake Winters did sell to B. E. Slagle, one pint of whisky. On the trial the jury returned a verdict finding him guilty and leaving the punishment to be fixed by the court. Motion for new trial was duly filed and overruled. From the judgment rendered on the verdict, he appeals.

The errors assigned question the sufficiency of the evidence to sustain the verdict, and rulings of the court

in admitting incompetent and hearsay evidence over defendant's objections.

This is a companion case to that of Luck v. State, 38 Okla. Cr. 322, 260 P. 1118.

Aside from the testimony of B. E. Slagle, the prosecuting witness, there is no evidence tending to show the commission of the offense. He testified:

That he went into Winter's real estate office in Shattuck and told him that his name was Smith, and that he was an insurance man, and Winters and George Luck produced some liquor. That he went in there a day or two later and Mr. Winters sold him a pint of whisky in a beer bottle, and that he labeled it:

"Bought from Mr. Winters, one pint of liquor. Delivered to me at his office, at his place of business, on the main street of Shattuck, and paid him two dollars."

That he delivered this bottle to Jay Frank, city marshal.

Jay Frank testified that Slagle turned a bottle with that label on it over to him; that he turned this bottle over to Frank Hecox, undersheriff.

The testimony of Frank Hecox shows that he received the bottle and turned it over to Sheriff Thomas, but did not know what became of it. He produced a copy of the indorsement on the bottle, which was read to the jury.

Sheriff Thomas testified that he received the bottle and placed it in the safe in his office; that his deputy had the combination; that he himself did not know the combination of the safe.

R. E. Devenney, deputy sheriff, testified that he was present when the bottle was placed in the safe with the label thereon, signed "B. E. Slagle"; that before the trial he opened the safe and looked for the bottle, but could not find it.

The testimony tending to show the written statement of B. E. Slagle, as indorsed on the bottle in question, was clearly inadmissible.

For the reasons stated in the case of State v. Luck, supra, we are of opinion that the evidence in this case is insufficient to sustain a conviction.

The judgment of the lower court is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.