## FRANK MYER v. STATE.

No. A-5590. Opinion Filed June 12, 1926.
(246 Pac. 1105.)

422

Wright, Gill & Ramsdale, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

BESSEY, P. J.  Frank Myer, plaintiff in error, defendant below, was found guilty of the unlawful possession of one gallon of corn whisky with his punishment fixed at a fine of $200 and 60 days in jail.

This conviction rests upon evidence procured by means of a search and seizure predicated upon a search warrant based upon an affidavit naming or describing no person, but described the place to be searched as a building located at 138½ Chickasha avenue in the town of Chickasha in Grady county, Okla.  The defendant, his wife, and a sick daughter, for a period of three weeks occupied a room equipped for light housekeeping in the building designated by this number.  They had moved into these quarters from a farm some miles in the country in order to be near a physician who was treating the sick daughter.  This search was made in the nighttime over the protests of the defendant and his wife, resulting in the recovery of two half-gallon fruit jars full of whisky, which the defendant and his wife claimed they were using as an alcoholic rub or bath in treating the sick daughter.  The physician had prescribed alcohol; but admitted that corn whisky could be

used as a substitute. Manifestly the jury did not believe that the defendant had this whisky for that purpose.

This evidence, if competent, considered with the statutory presumption as to quantity, was probably sufficient to support the verdict; but the defendant complains that the evidence produced was obtained by an illegal, and therefore unreasonable, search and seizure, contrary to the federal and state Constitutions, and was erroneously admitted over his protest.

Where the place to be searched is described in the affidavit and in the search warrant by a single street number without naming the owner or any of the occupants, where two or more families reside in separate apartments, a search warrant directing the officers to search the premises designated by such single number is void because in legal contemplation it describes more than one "place," within the meaning of the Constitution. One of several light housekeeping apartments, however humble or unpretentious, when occupied as a home, is just as sacred and entitled to the same constitutional protection as a separate mansion used as a home. Wiese v. State, 32 Okla. Cr. 203, 240 P. 1075; U. S. v. Innelli (D. C.) 286 F. 731; Search & Seizure by Cornelius (1925) § 126 et seq., and cases cited.

The state admits that the affidavit and search warrant described the "place" as the building at 138½ Chickasha avenue, that the defendant resided there with his family in light housekeeping apartments, and that he had no other home; that he did not consent to the search and seizure. The proof is clear that other tenants, permanent and transient, also resided there. This writ was intended to operate and did operate as a blanket search warrant covering the private places of abode of several people, and was therefore void. The officers who made the seizure were trespassers, and the evidence obtained by that means was inadmissible. Where there is no joint interest apparent, a

showing of probable cause against one tenant confers no right to search the home of another tenant in the same building.

The conviction is reversed, with instructions to dismiss.

DOYLE and EDWARDS, JJ., concur.