## EARL CLANTON v. STATE.

No. A-9044.   Aug. 21, 1936.
(60 Pac. [2d] 415.)

J. J. Smith, for plaintiff in error.

Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Ottawa county on the 9th day of August, 1935, Earl Clanton did unlawfully have in his possession five and one-half pints of alcohol with the unlawful intent to sell, or otherwise furnish the same. Upon the trial the

jury returned their verdict finding him guilty as charged and fixed his punishment at 30 days in jail and a fine of $50. A new trial having been denied, he appeals.

It appears that said defendant conducted a filling station between Seventh and Eighth streets on South Main, city of Miami, known as the Wilcox Service Station. In a brick building apart from the station he operated a cafe, which was known as "Trigg's Place."

It appears from the record that the chief of police of Miami and three police officers in executing a search warrant searched the cafe and the surrounding premises. The testimony of these three officers shows that they found five half pints of alcohol in the cafe building. Against the defendant's objections the officers were permitted to testify to these facts.

The defendant as a witness in his own behalf denied ever having possession of the alcohol there found.

The affidavit of I. W. Ellis, affiant, made before C. C. Haley, justice of the peace, recites that intoxicating liquors are being kept for the purpose of being sold or otherwise furnished "by one John Doe, name unknown, on the following described premises, to wit: What is known as the Wilcox Filling Station on South Main St., Miami, Okla. between 7th and 8th on the east side of Main St., all of which is situated in the county of Ottawa, state of Oklahoma." The search warrant issued thereon contains the same recitals.

When the case was called for trial, counsel for defendant filed a motion to suppress the evidence of the finding of alcohol because illegally obtained. The motion challenged the sufficiency of the affidavit for the search warrant made and filed as well as the warrant issued

thereupon. Upon the hearing, the affidavit and search warrant were offered in evidence. The assistant county attorney confessed the motion to suppress, and the motion was sustained. Whereupon the county attorney objected to the minutes reciting his confession to the motion and dismissing the case. Thereupon the court vacated the order and denied the motion to suppress.

It is urged that the affidavit is insufficient, in that it does not describe the place where the officers searched, and that it fails to show probable cause supported by oath or affirmation, required by section 30, article 2 of the state Constitution, and did not conform to the provisions of section 2638, St. 1931, which reads:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

In conformity to this statute and to the authorities generally, it has been many times held by this court that a search warrant must so particularly describe the place to be searched that the officer to whom it is directed may determine it from the warrant, and that no discretion as to the place to be searched is left to the officer. Smith v. State, 40 Okla. Cr. 366, 269 Pac. 376; Hall v. State, 34 Okla. Cr. 334, 246 Pac. 642; Phelps et al. v. State, 36 Okla. Cr. 213, 253 Pac. 910; Cahill v. State, 38 Okla. Cr. 236, 260 Pac. 91; Shanafelt v. State, 38 Okla. Cr. 345, 261 Pac. 380.

Obviously, the place to be searched described in the search warrant as the "Wilcox Filling Station" was insufficient to justify the search of the lunchroom in the cafe.

It follows that the search and seizure shown in this case was an unlawful trespass and an invasion of the constitutional rights of the defendant, and that all evidence with reference to liquor secured thereby should have been excluded on the defendant's objections.

Because of the conclusion reached that the search warrant was insufficient to authorize a search of the defendant's cafe, it will not be necessary to consider the other assignments of error.

For the reasons stated, the judgment of the trial court is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.