### LEE MASON v. STATE.

No. A-9070.   Feb. 5, 1937.
(64 Pac. [2d] 1238.)

Morrill & Snodgrass, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error was convicted in the county court of Jackson county upon an information charging that in said county on June 25, 1935, he did unlawfully have in his possession eight pints of whisky with the unlawful intent to sell the same. The jury rendered the following verdict:

"We, the jury empaneled and sworn to try the issues in the above entitled cause, do upon our oath, find the defendant Lee Mason guilty and leave his punishment to be fixed by the court."

Motion for new trial was duly filed and overruled. October 16, 1935, the court rendered judgment and sen-

tenced the defendant to be confined in the county jail for thirty days and pay a fine of $75 and the costs.

To reverse the judgment he appeals and assigns numerous errors, including the overruling of his motion to suppress the evidence, and that the verdict rendered is not supported by the evidence and is contrary to law.

The evidence on the part of the state shows that Henry Savage, sheriff of Jackson county, accompanied by two or three deputies, went to 409 North Grady street, Altus. The defendant, Mason, came to the door. He told him he had a search warrant, Mason turned on the light and he gave him the search warrant; that Mason said: "Sheriff, you got me this time." He said: "Well, where is your liquor?" Mason said: "Setting there behind the door." And there he "found six or eight pints of liquor," which the sheriff identified. Thereupon six pint bottles containing liquor were offered in evidence.

The sheriff testified that the seventh bottle was found by one of his deputies in another room occupied by a lady who claimed the same.

As a witness in his own behalf, Lee Mason testified:

"The sheriff walked in the door and handed me a search warrant. I said, 'Sheriff, there is the liquor,' it was in a paper sack, I was sick at the time, had asthma, and had to have liquor for my throat. The man that hauls it called me over the telephone and told me I could have six pints for $4.50, he delivered it that night, and I was going down to pay him for the liquor, I never made the statement testified to by the sheriff."

It is urged by counsel for appellant that the court erred in overruling defendant's motion to suppress the evidence, obtained by an illegal search warrant issued upon an insufficient affidavit.

This conviction rests upon the testimony of Sheriff Savage, the only state witness who testified on the trial and upon the evidence procured by a search and seizure in executing a search warrant issued upon an affidavit naming the person whose premises were to be searched as John Doe, and describing the place to be searched as: "Residence and all out houses thereto belonging located at 409 North Grady Street, in the city of Altus, county of Jackson, State of Oklahoma." And further reciting: "Affiant further says: That said defendant, John Doe as aforesaid at said place and in said building are now wilfully and unlawfully bartering, selling, giving away and otherwise furnishing intoxicating liquors, to wit, whisky and beer."

The evidence in support of the motion to suppress shows that defendant, Lee Mason, a widower, and his two children lived at 409 North Grady street, Altus; that Mrs. Appling, her child, and her sister, Mrs. Helms, occupied a separate apartment; that this search was made in the nighttime.

Mrs. Lottie Helms testified that she with her sister, Mrs. Appling, occupied the west apartment and the defendant the northeast apartment.

In rebuttal, Sheriff Savage testified that this search warrant was originally made out for 419 North Grady street, and with Deputies Rollins, Hathaway, and Harrison he went to that number, then came back and got McBride, J. P., to change the number to 409, and went there and searched the house at that number. That there was a woman in bed in the south room who claimed it was her apartment.

The statute (section 2635) provides that the warrant shall command a search of "the premises described and designated in such complaint and warrant."

The warrant may not command the search of other or different premises than those described and designated in the affidavit.

In the case of Myer v. State, 34 Okla. Cr. 421, 246 Pac. 1105, 1106, it is said:

"Where the place to be searched is described in the affidavit and in the search warrant by a single street number without naming the owner or any of the occupants, where two or more families reside in separate apartments, a search warrant directing the officers to search the premises designated by such single number is void because in legal contemplation it describes more than one 'place,' within the meaning of the Constitution. One of several light housekeeping apartments, however humble or unpretentious, when occupied as a home, is just as sacred and entitled to the same constitutional protection as a separate mansion used as a home. Wiese v. State, 32 Okla. Cr. 203, 240 Pac. 1075; U. S. v. Innelli (D. C.) 286 F. 731; Search & Seizure by Cornelius (1925) § 126 et seq., and cases cited."

In Uhlenhake v. State, 58 Okla. Cr. 248, 52 Pac. (2d) 117, 120, we said:

"Probable cause for the issuance of a search warrant is a mixed question of law and fact, and the true test of sufficiency of the complaint or affidavit to warrant the issuance of a search warrant is whether it has been drawn in such a manner that perjury could be charged thereon if any material allegation contained therein is false."

The affidavit in this case does not name the owner, nor does it name any person occupying the premises described.

Obviously, the warrant was intended to operate, and did operate, as a blanket search warrant covering the

private place of abode of several people, and was therefore void.

A private residence, occupied as such, is immune from search, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort. Section 2639.

The statute (section 2625) provides:

"It is hereby enacted, in order to suppress the unlawful practice of selling, bartering, giving away and otherwise furnishing liquors, the sale of which is prohibited by this act, from private residences, that it shall be unlawful for any person within this state to have or keep at, in, or about his place of residence, at any one time, more than one (1) gallon of spirituous, or one (1) gallon of vinous (the provisions of this act shall not apply to that for sacramental purposes) liquors, or any imitation thereof, or substitute therefor; nor more than one cask of malt liquors * * * Provided, that this section shall not be construed in any way, to legalize the keeping of such liquors at or about a place of residence for an unlawful purpose."

At the close of the evidence, defendant moved the court for a directed verdict of not guilty, for the reason the evidence was insufficient to sustain a conviction and the further reason that said evidence was obtained by an illegal search and seizure in violation of the constitutional rights of the defendant.

On the record before us we think the search and seizure in this case was unreasonable within the meaning of section 30, Bill of Rights, and for this reason all the state's evidence was improperly admitted in violation of the defendant's constitutional and statutory rights. It also appears that the amount of liquor in the defendant's pos-

session was insufficient to afford prima facie evidence of unlawful intent within the statute. And for this reason the trial court should have sustained the defendant's motion for a directed verdict of acquittal.

The judgment of the court below is accordingly reversed, and the cause remanded, with direction to dismiss.

DAVENPORT, P. J., and BAREFOOT, J., concur.