## JAY MAYBERRY v. STATE.

No. A-9171. July 30, 1937.
(70 Pac. 2d 1106.)

R. N. Linville, for appellant.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that Claud Dobins and Jay Mayberry did in Beckham county on or about the 8th day of March, 1935, have in their possession five and one-half pints of whisky with unlawful intent on their part to sell the same. The defendants were tried jointly upon said information. The jury returned their verdicts finding the defendant Claud Dobins not guilty and appellant Jay Mayberry guilty and fixing his punishment at a fine of $50 and, 30 days in the county jail. To reverse the judgment rendered on the verdict he appeals.

Of the various assignments of error, the only questions which require consideration relate to the action of the court in denying the motion of appellant to suppress the evidence obtained by a search of his home on the ground that the warrant was void, and the evidence was obtained in violation of his constitutional and statutory rights.

It appears that appellant, together with his wife, was the proprietor of a filling station on the east side of Elk City on Highway 66, and in the large front room of the house they sold candy, cigars, cigarettes, beer, soda pop, and other soft drinks. The defendant Dobins tended the service station but had nothing to do with the business on the inside and did not live there. On the night of the day alleged, Ed West, sheriff, accompanied by Undersheriff Henson, and three deputy sheriffs, in executing a search warrant searched the place.

Ed West testified that he made the affidavit upon which the search warrant issued; that when they went to the place that night, Jay Mayberry was not present, but his wife and the defendant Dobins and two other men were present; that he handed the defendant Dobins the search warrant, and the other officers searched the living rooms.

Jess Thompson testified that he was well acquainted with Jay Mayberry and did business with him for about a year, and that he knew Mayberry and his wife lived in the house back of the filling station; that they found four pints of whisky in the southeast bedroom.

Orlin Jones testified that later on in an icebox in the kitchen they found a half pint of whisky.

When the state rested, counsel for appellant renewed his motion to suppress the evidence and asked for a directed verdict of not guilty, which motion was overruled.

Before the trial appellant filed a motion to suppress evidence. The motion challenged the sufficiency of the affidavit for the search warrant as well as the warrant issued thereon. It alleges that the affidavit is insufficient, in that after describing the place to be searched by metes and bounds "in N. E. quarter of section 22, twp. 11 R. 21, containing one acre," it recites: "Affiant further states that the said premises above described are not the private residence of the said Mayberry or Mayberry filling station or parties unknown to affiant."

In the search warrant the place to be searched is described:

"The private residence and all out buildings and premises situated as follows: (Here follows the metes and bounds.) Whisky, wine, beer are now being kept for

the purpose of being manufactured, sold, bartered, given away and otherwise furnished by Mayberry or Mayberry filling station or parties unknown to affiant or of persons unknown."

That the same is a fatal variance between the complaint or affidavit, and the search warrant.

It further alleges:

"That the complaint for search warrant and search warrant issued thereon are contradictory, irreconcilable, confusing and wholly contrary to the statutes, for the reason it is impossible to tell from the complaint and the search warrant whether or not the property sought to be searched is the private residence of some party by the name of 'Mayberry', or his business place occupied by 'Mayberry Filling Station', or whether it is both residence and filling station occupied by a party or by parties unknown to affiant.

"That under and by virtue of said warrant and in violation of the Constitution and statutes, under said warrant a search was made of the private residence of this defendant. A copy of said affidavit or complaint for search warrant and a copy of the search warrant are hereto attached as Exhibits A. and B., hereby referred to and made a part hereof. That said search was further illegal in that it was made in the nighttime contrary to law."

The court without a hearing overruled the motion and directed that a jury be called. Exception allowed.

Complaint is made that the court erred in refusing to hear evidence in support of the motion.

On the record before us this method of disposing of the motion to suppress evidence was undoubtedly irregular. Where a motion to suppress evidence is sufficient on its face, issue should be taken thereon either by reply

or demurrer, and such issue should be tried, and if summarily overruled without any issue being taken thereon, such action of the court is irregular.

It is contended by counsel for appellant that the search warrant was void because of the variance between the place described in the complaint and the search warrant, and that neither the complaint or warrant based thereon particularly described the place to be searched. Therefore the same was void because in conflict with the provision of the Bill of Rights, declaring that: "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized." Const. art. 2, § 30. And that said warrant was issued in violation of the statute. Section 2638, St. 1931 (37 Okla. St. Ann. § 87).

It is elementary that the search warrant must authorize the search of the place described in the complaint. The statute provides that the warrant shall command a search of "the premises described and designated in such complaint and warrant." Section 2635, St. 1931 (37 Okla. St. Ann. § 84).

It is the general rule that laws authorizing invasion of private premises and the sanctity of the home by search and seizure proceedings are to be strictly construed.

It will be observed that the affidavit or complaint states positively that the place to be searched is not the residence of any of the parties, "Mayberry, Mayberry Filling Station, or parties unknown," but the search warrant commands the search of the private residence and all out buildings on the premises described.

Obviously the affidavit or complaint for the search warrant was insufficient to authorize a search warrant to issue to search the home of appellant, in that it does not describe the place that the officers searched and seized the intoxicating liquor offered in evidence. See Clanton v. State, 59 Okla. Cr. 365, 60 Pac. (2d) 415, and cases cited.

It follows from what has been said that the search and seizure in this case was an unlawful trespass, and that the evidence procured thereunder inadmissible, was improperly admitted over appellant's objections in violation of his constitutional and statutory rights.

For the reasons stated, the judgment of the lower court is reversed, and cause remanded, with direction to dismiss.

DAVENPORT, P. J., concurs. BAREFOOT, J., absent.