### E. C. SMART v. STATE.

No. A-9286.    Nov. 12, 1937.

(73 P. 2d 488.)

Billingsley & Kennerly, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. The appeal in this instance is taken by defendant from a judgment of the county court of Seminole county, rendered in accordance with the verdict of the jury, finding him guilty of unlawful possession of intoxicating liquor and fixing his punishment at a fine of $50 and 30 days in the county jail.

The specific charge was that in said county on June 29, 1935, he did have in his possession 29 pints of whisky and six pints of gin, with the unlawful intent to sell the same.

The overruling of his motion to suppress evidence is assigned as error.

When the case was called for trial, counsel for the defendant filed a motion to suppress evidence on the ground that the evidence which the state relies on for conviction was obtained on an unlawful search warrant, and illegal search, in violation of the constitutional rights of this defendant.

In support of his motion defendant testified substantially as follows:

That on June 29, 1935, the officers searched the house occupied by him and his wife as their home. Asked: "How would you go in order to get to where you lived, Mr. Smart?" He answered: "You go out here to the south end of Wewoka avenue, and go east to the section line there at the corner, turn south and go about a mile and a half, I guess it is, and then go east about 600 feet, the third house on the south side of the road is where we lived; there is a tool house where you turn off, the sign on it is, 'Eureka Tool Company.'"

The search warrant, in addition to designating the defendant by name, described the place as follows:

"Upon the following described premises, located as follows: From the south end of Wewoka St., Wewoka, Okla. one mile east, then south approximately one and one half mile to old Eureka Tool house, then east two hundred feet, third house on south side of road in Seminole county, Oklahoma."

There was no testimony offered on the part of the state.

Under the constitutional (article 2, § 30) and statutory (St. 1931, § 2635 [37 Okla. St. Ann. § 84]) provisions, this court has repeatedly held that the complaint or affidavit must particularly describe the place to be searched, so that it can be ascertained from an examination of the warrant, and with such reasonable particularity that no discretion as to the place to be searched is left to the searching officer. Bryson v. State, 59 Okla. Cr. 130, 56 P. 2d 1198; Shanks v. State, 59 Okla. Cr. 211, 56 P. 2d 1199; Clanton v. State, 59 Okla. Cr. 365, 60 P. 2d 415; Stouse v. State, 62 Okla. Cr. 46, 70 P. 2d 145; Mayberry v. State 62 Okla. Cr. 183, 70 P. 2d 1106.

In our opinion the requirement of the Constitution and the statute was substantially met in the complaint and search warrant in this case.

It follows that the trial court did not commit error in overruling defendant's motion to suppress evidence.

The undisputed proof is that the officers in searching the defendant's house found 29 pints of whisky and six pints of gin in a clothes closet. The defendant did not testify, and no witness was called to testify in his behalf.

It is obvious that the case was one for the consideration of the jury and we are unable, after careful examination, to find anything in the record to create a doubt as to the correctness of the result, or to warrant us in interfering with the verdict.

It appearing that the defendant had a fair and impartial trial, the judgment of the lower court is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.