## BOB MASON v. STATE.

No. A-9281.    Nov. 12, 1937.

(73 P. 2d 468.)

154

J. G. Hughes, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Paul Y. Cunningham, County Atty., for the State.

DOYLE, J. The information in this case charged that in Kiowa county, on the 16th day of January, 1936, Bob Mason, Sr., did have in his possession 15 and one-fourth pints of whisky, with the unlawful intent to sell the same. On the trial the jury returned a verdict finding him guilty as charged in the information and fixing his punishment at a fine of $100 and confinement in the county jail for 60 days. Motion for new trial was duly filed, presented, and overruled.

To reverse the judgment rendered on the verdict appellant assigns as error the overruling of his motion to suppress evidence; the admission of evidence obtained by an unlawful search of his home; and that the verdict is contrary to the law and the evidence.

The evidence shows that Tom Howard, sheriff, accompanied by three deputy sheriffs and a constable, went to the colored town section of the city of Hobart to serve several search warrants, among which was one for the premises known as the Bob Mason Cafe, which was served by Deputy Ed Connor. Adjacent to the cafe building is the residence of defendant, which was being searched at the time by other officers.

This conviction rests upon the testimony of Tom Howard, sheriff, and Ed Connor, deputy sheriff, and upon evidence procured by search and seizure in executing a search warrant.

Ed Connor testified that he had what is known as a "John Doe" search warrant when he entered the cafe building, which consisted of a big room in the front part, facing west, with a room in the southeast corner, used as a kitchen, and a bedroom in the northeast corner, with a hallway between; that he went into the cafe building through the kitchen, there found a colored woman ironing, then passed through the hallway to the bedroom, there found a trunk, turned it up on end, heard bottles rattling, and saw whisky seeping out; then he called sheriff Howard; they opened the trunk and found 10 full pints and five half pints of whisky and two broken pints. The same was produced and introduced in evidence. He further testified that when he was talking to the colored woman, defendant's wife was in the kitchen and took a pint bottle, two-thirds full of whisky, out of her bosom and set it in the cupboard; then she saw him; that he walked over and seized the bottle. He identified the bottle, and over the defendant's objections it was received in evidence.

Tom Howard, sheriff, testified that Ed Connor called him into the northeast room and asked what he reckoned was in the trunk; he tilted it and some whisky ran out; that he sent Tom Overstreet after defendant and when he came in asked him if he had a key to the trunk and defendant said he did not, and said the trunk belonged to a man in Texas; that they opened the trunk and found the whisky introduced in evidence as "State's Exhibit A."

As a witness in his own behalf, Bob Mason Sr., testified that officers searched his home; they then took him

to the cafe building; that it had been two or three years since he had operated a cafe in the building; that his family used the southeast room as a kitchen; that Willie Leonard and his wife had been living in the northeast room since 1931; that there were two trunks in that room, one locked and the other unlocked; that the sheriff asked him for the trunk key and he told him he did not have any key; that the trunk belonged to Louis Coleman, of Pampa, Tex.; that Willie Leonard and his wife used the southeast room to cook and eat in; that both families used that room jointly.

At the close of the state's evidence, and again at the close of all the evidence, the defendant moved for a directed verdict of not guilty "for the reason that the evidence introduced has been shown to have been procured by means of an illegal search and seizure in violation of the constitutional and statutory rights of the defendant, and for the further reason the evidence is insufficient to connect this defendant with the commission of the crime charged," which motions were overruled. Exceptions allowed.

When the case was called for trial, counsel for defendant filed a motion to suppress the evidence, because the same was obtained by means of an illegal search and seizure, made in violation of the constitutional and statutory rights of the defendant. Thereupon it was stipulated and agreed that the compaint for the search warrant, and the search warrant itself which was served upon Mrs. Willie Leonard, when the search was made and the whisky seized was obtained, also that the return of the officer thereon, may be admitted and considered in evidence, and that:

"It is stipulated and agreed herein that the records in the office of the county clerk of this county show that

the property described in the search warrant and complaint is not in Wilhelm's Addition, as so stated in said complaint, but it is Lamb's Railroad addition to the city of Hobart, Kiowa county, Oklahoma, and always has been."

The search warrant describes the place to be searched as follows:

"That the premises of said John Doe, and private residence is described as follows, to wit: The same being known as the Bob Mason Cafe, and being immediately west of the residence of Bob Mason, Sr., the said residence being the first house on the west side of Grant Street going south, and being approximately 75 feet south of the intersection of Grant street and Fifth street of the city of Hobart, and being situated in what is known as Colored Town in Wilhelm's addition to the city of Hobart, the said house being a one story frame structure."

In support of his motion the defendant testified substantially as follows: That he has lived in Lamb's Railroad addition to the city of Hobart about 27 years; had never lived in Wilhelm's addition; that the Bob Mason Cafe building, immediately west of the defendant's residence, is not the first house on the west side of Grant street, going south from Fifth street intersection; that the first house south of the intersection is Charley Hill's house; that the Bob Mason Cafe building is immediately west of the house he lives in, and the southeast corner room is used by his family to cook and eat in there; that Willie Leonard and his wife have lived in the northeast corner room since 1931; that the officers searched the house he lives in, then took him into the cafe building and asked for the key to a trunk there in Willie Leonard's room, and he told them he didn't have the key; Willie Leonard's wife was there; that for more than two years last past the building had not been used as a cafe; that

he did not own the trunk or anything about it; that he was only occupying the kitchen part of the premises.

On cross-examination he was asked:

"Q. You mean you were living in a part of the premises? A. No, sir. Q. You were not using it as any place of residence were you? A. No, sir. By the Court: I don't think the defendant can raise that question at this time, in regard to the property occupied by Leonard, for the reason the guarantee under the Constitution is personal, and the question of the validity of the search warrant cannot be raised by a third party, the property being occupied by Leonard and not under the control of the defendant."

Exception allowed.

There was no testimony offered on the part of the state.

It is undisputed that at the time of the search of the premises in question, the defendant and his wife occupied the southeast corner room of the building as a kitchen, which was searched by Officer Connor and a pint bottle two-thirds full of whisky was there found and seized. The northeast corner room, occupied by Leonard and his wife, was then searched, where the trunk with whisky in it was found.

The stipulation and undisputed evidence is that the place described in the complaint for the search warrant and without naming the owner or occupant does not describe the place or premises searched.

It is elementary that a complaint for a search warrant must particularly describe the place to be searched for intoxicating liquor. The statute provides that the warrant shall command a search of the premises described and designated in such complaint and warrant. Section 2635, St. 1931 (37 Okla. St. Ann. § 84).

It is the general rule that laws authorizing invasion of private premises and the sanctity of the home by search and seizure proceedings are to be strictly construed. Mayberry v. State, 62 Okla. Cr. 183, 70 P. 2d 1106.

The complaint in this case does not name the owner, nor does it name any person occupying the place described.

In Stouse v. State, 62 Okla. Cr. 46, 70 P. 2d 145, this court held that the name of owner or occupant of premises to be searched, if known, is one of the essentials to a particular description of the premises in complaint and search warrant.

It has been repeatedly decided by this court that warrant for search of a private residence occupied by several people, issued upon complaint or affidavit which fails to name owner or any occupants of the residence, was void, search thereunder was unreasonable, and liquor obtained in search was inadmissible in prosecution for unlawful possession of intoxicating liquor. Wiese v. State, 32 Okla. Cr. 203, 240 Pac. 1075; Myer v. State, 34 Okla. Cr. 421, 246 Pac. 1105; Houchin v. State, 58 Okla. Cr. 329, 52 P. 2d 1085; Clanton v. State, 59 Okla. Cr. 365, 60 P. 2d 415; Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238.

Obviously, the warrant was intended to operate, and did operate, as a blanket search warrant covering the private place of abode of several people, and was therefore void.

The violation of the rights, privileges, and immunities secured by the Constitutions, Federal and State, should find no sanction in the judgments of the courts, and to which people of all conditions have a right to appeal for the maintenance of such fundamental rights.

160

It follows from what has been said that the search and seizure in this case was an unlawful trespass, and that the evidence procured thereby inadmissible was improperly admitted over appellant's objections in violation of his constitutional and statutory rights.

For the reasons stated, the judgment of the lower court is reversed, with direction to dismiss.

DAVENPORT, P. J., and BAREFOOT, J., concur.