## ERNEST POWELL v. STATE.

No. A-9511. Nov. 15, 1938.
(84 P. 2d 442.)

Champion, Champion & Fischl, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. Appellant, Ernest Powell, was convicted on a charge of unlawful possession of intoxicating liquor, and was by the court sentenced to pay a fine of $50 and to confinement in the county jail for 30 days.

A new trial having been denied he appeals and assigns as error the overruling of his motion to suppress the evidence; the admission of evidence obtained by an unlawful search of his home; and that the verdict is contrary to law and to the evidence.

Before the trial appellant moved to suppress the evidence and supported this motion by testimony. The motion was overruled.

The record shows that E. R. Wrinkle, a police officer, made affidavit before Ulis Barnett, justice of the peace, reciting that in Carter county on the 10th day of July, 1937, "Ernest Powell, at number 17 F. Street, N. E. Ardmore, Oklahoma, in a certain building, described as follows: One-story frame building occupied as residence." Then follows the usual form as to unlawful possession. On the same day a search warrant issued to E. R. Wrinkle, which authorized the officer to search "a certain building described as one-story frame building, at number 17 F. Street, N. E. occupied as a residence by Ernest Powell, in Ardmore, Carter county." The return thereon is signed: "E. R. Wrinkle, Deputy."

In support of the motion to suppress, the affidavit and search warrant were offered in evidence.

The defendant, a citizen of African descent, testified that he lives with his family at 17½ F. Street, N. E., and has lived there for the past 17 years; that his house is in the rear of 17 F. Street, N. E.; that E. R. Spignor lives in a one-story frame house at number 17 F. Street, N. E.; that several years ago he sold to E. R. Spignor the house and front part of the lots.

"By the Court: Q. If I understand correctly this lot faces a certain F. Street. You sold the front and retained the back, and your house is on the back end? A. Yes, sir."

The motion is overruled. Exceptions.

Ott Welch, the only witness on the trial, testified that he was with E. R. Wrinkle when he searched Ernest Powell's place on F. Street; that the house sets back quite a bit from the street; that he could not recall the number just now, that in the search they found three and one-half pints of whisky. He identified a pint bottle of whisky as one found in the search, which was offered and admitted in evidence.

The complaining witness, E. R. Wrinkle, was not called as a witness.

The objection made to the search and seizure is that the defendant's place was not the one described in the affidavit and search warrant.

The undisputed evidence is that the place described in the affidavit and search warrant was not the defendant's place.

It is elementary that a complaint or affidavit for a search warrant must particularly describe the place to be searched for intoxicating liquor. The statute provides that the warrant shall command a search of the premises described, and designated in such complaint or affidavit

and warrant. Section 2635, St. 1931, 37 Okla. St. Ann. § 84.

The variance in the description of the place searched: A one-story building, at number 17 F. Street, N. E., is insufficient authority for the search of the defendant's residence at number 17½ F. Street, N. E. Allen v. State, 39 Okla. Cr. 236, 264 P. 217.

In the case of Young v. State, 63 Okla. Cr. 196, 74 P. 2d 392, it is said [page 393]:

"It is urged that the search warrant was insufficient in that it does not describe the place where the officers searched, and did not conform to the provisions of section 2638, St. 1931, 37 Okla. St. Ann. § 87, which reads: 'No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized'.

"In conformity to this statute and to the authorities, generally, it has been many times held by this court that a search warrant must so particularly describe the place to be searched that the officer to whom it is directed may determine it from the warrant, and that no discretion, as to the place to be searched is left to the officer. Bryson v. State, 59 Okla. Cr. 130, 56 P. 2d 1198; Clanton v. State, 59 Okla. Cr. 365, 60 P. 2d 415; Smith v. State, 40 Okla. Cr. 366, 269 P. 376; Shanafelt v. State, 38 Okla. Cr. 345, 261 P. 380; Mayberry v. State, 62 Okla. Cr. 183, 70 P. 2d 1106; Stouse v. State, 62 Okla. Cr. 46, 70 P. 2d 145." And see Mason v. State, 63 Okla. Cr. 153, 73 P. 2d 468.

In Balch v. State, 115 S. W. 2d 676, the Court of Criminal Appeals of Texas held that a warrant describing the premises as "302 E. Robbins Street," did not authorize a search of the premises located at "304 Robbins Street." In the body of the opinion the court quotes from Cornelius on Search and Seizure, p. 320, as follows [page 677]:

"Where the premises sought to be searched are described by a certain street number, obviously such a description will not authorize a search of some other street number."

It follows from what has been said that the officers who invaded the defendant's home and made the search were trespassers, and that the evidence procured thereby was inadmissible, and was improperly admitted over appellant's objections in violation of his constitutional and statutory rights.

There are several other errors discussed in the brief, but they may be covered by the general observation that the requirements of section 2635 of the Enforcement Act, 37 Okla. St. Ann. § 84, prescribing the duties of officers in executing a search warrant, were not complied with, as shown by the record.

For the reasons stated, the judgment of the lower court is reversed and the case remanded with direction to dismiss.

DAVENPORT, P. J., concurs. BAREFOOT, J., dissents.