# ROY LINTHICUM v. STATE.

No. A-9497.  June 23, 1939.
(92 P. 2d 381.)

Don Cameron, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J. The information in this case in substance charges that in Oklahoma county, on the 21st day of July, 1937, Roy Linthicum did have in his possession six pints of tax paid whisky and gin, with the unlawful intent to sell the same.

On the trial the jury returned a verdict finding him guilty as charged in the information, but were unable to agree upon the punishment.

Motion for new trial was duly filed and overruled on December 21, 1937. Thereupon the court sentenced the defendant to be imprisoned in the county jail for a period of 60 days and to pay a fine of $100.

To reverse the judgment he appeals and assigns as error the overruling of his motion to suppress the evidence, the admission of evidence obtained by an unlawful search of his home, the overruling of his motion to strike such evidence, and that the verdict is contrary to the law and the evidence.

The conviction rests upon the testimony of two deputy sheriffs and upon the evidence procured by search and seizure in executing a search warrant, which describes the place to be searched as follows:

"John Doe whose more full and correct name is unknown, in certain buildings and premises described as follows, to wit:

"A one story frame building located at 932 S. E. 29th St., adjacent to Oklahoma City"

And dated:
"This 17th day of July 1937.

"Jack Cecil Wheeler,
"Justice of the Peace."

When the case came on for trial counsel for defendant filed a motion to suppress the evidence of the finding of

whisky in his home, because the same was obtained by means of an unlawful and unreasonable search and seizure in violation of his constitutional rights.

The motion challenged the sufficiency of the complaint or affidavit for the search warrant as well as the warrant issued thereon, on the ground, among others, that the description of the premises "is ambiguous, wrong, indefinite and uncertain and could not be ascertained for the search warrant calls for one-story frame building when in truth and in fact there is more than one family living there."

The undisputed testimony of several witnesses in support of the motion to suppress shows that four families occupied four apartments in the building described in the affidavit and search warrant introduced in evidence as Exhibits 1 and 2.

The defendant testified on the motion to suppress that he lived in the building which consisted of four apartments; that four families were living there at the time the search and seizure was made; that the address was really a rural route; that all the families received their mail at the same address, and that number covered the whole apartment house; that the property was owned by Ada Haynes.

It has been regularly held by this court that warrant for search of private residence, occupied by several families, issued upon complaint or affidavit which fails to name owner or any occupants of the residence, was void, search thereunder was unreasonable, and liquor obtained in search was inadmissible in prosecution for unlawful possession of intoxicating liquor. Houchin v. State, 58 Okla. Cr. 329, 52 P. 2d 1085; Clanton v. State, 59 Okla. Cr. 365, 60 P. 2d 415; Mason v. State, 60 Okla. Cr. 392, 64 P. 1238.

In the case of Myer v. State, 34 Okla. Cr. 421, 246 P. 1105, 1106, it is said:

"Where the place to be searched is described in the affidavit and in the search warrant by a single street number without naming the owner or any of the occupants, where two or more families reside in separate apartments, a search warrant directing the officers to search the premises designated by such single number is void because in legal contemplation it describes more than one 'place,' within the meaning of the Constitution. One of several light housekeeping apartments, however humble or unpretentious, when occupied as a home, is just as sacred and entitled to the same constitutional protection as a separate mansion used as a home. Wiese v. State, [32 Okla. Cr. 203] 240 P. 1075; United States v. Innelli, D. C., 286 F. 731; Search & Seizure by Cornelius (1925) § 126 et seq., and cases cited."

In Mason v. State, 63 Okla. Cr. 153, 73 P. 2d 468, 470, we said:

"It is elementary that a complaint for a search warrant must particularly describe the place to be searched for intoxicating liquor. The statute provides that the warrant shall command a search of the premises described and designated in such complaint and warrant. Section 2635, St. 1931, 37 Okla. St. Ann. § 84.

"It is the general rule that laws authorizing invasion of private premises and the sanctity of the home by search and seizure proceedings are to be strictly construed. Mayberry v. State, 62 Okla. Cr. 183, 70 P. 2d 1106."

Obviously, the warrant was intended to operate, and did operate, as a blanket search warrant covering the private place of abode of several people, and was therefore void.

The violation of the rights, privileges, and immunities, secured by the Constitutions, federal and state, should find no sanction in the judgments of the courts, and to which people of all conditions have a right to appeal for the maintenance of such fundamental rights.

On the record before us, we are convinced that the search and seizure in this case was an unauthorized tres-

pass, and that all the state's evidence was improperly admitted over the defendant's objections and in violation of his constitutional and statutory rights.

The judgment of the lower court is accordingly reversed, cause remanded, with direction to dismiss.

BAREFOOT and DAVENPORT, JJ., concur.