## CHARLIE ALDRIDGE v. STATE.

No. A-9838.   July 9, 1941.

(115 P. 2d 275.)

Marion R. Wells, of Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, Charlie Aldridge, was by information filed in the county court of Seminole county charged with the offense of unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50 from which judgment and sentence he appeals to this court.

Defendant assigns as error the action of the court in overruling his motion to suppress the evidence.

The search warrant served upon the defendant is, in part, as follows:

" * * * intoxicating liquors * * * are kept for the purpose of selling * * * by the following named persons, in Seminole county, Oklahoma, namely:   Chas. Aldridge

and upon the following described premises, located as follows: Claremore Rooms East 2nd St. City of Wewoka in Seminole County, Oklahoma.

"Now, therefore, You are commanded to forthwith search the person and effects of the said Chas. Aldridge and the place and premises above described herein, at any time of the day or night for said intoxicating liquors. * * *"

Defendant contends that the search and seizure were illegal for the reason that the warrant does not direct the officers to search that portion of the premises occupied by the defendant, Charlie Aldridge, but commands the officers to search "the said Chas. Aldridge and the place and premises above described herein;" that since the premises described in the warrant were occupied by several separate families, it was incumbent upon the officers to obtain a warrant specifically describing that portion of said premises used by this defendant as his home; that under the warrant so issued the officers were trespassers when they obtained the evidence.

On the motion to suppress the evidence, defendant testified that the Claremore Rooms was a four family apartment house, containing two apartments downstairs and two apartments upstairs. Defendant was married and living with his wife in the lower apartment on the west side of the house. The lower east apartment and one of the upper apartments were occupied at the time of the search and seizure. Defendant's wife had control of the renting of the apartments. Officers served the warrant on defendant and searched only his apartment, where they seized six pints of whisky.

The search warrant named defendant. It authorized the search of defendant's effects and the entire building described. Defendant did not own the building, but occupied and had control of only one apartment in the

house. The affidavit for the search warrant is not before the court, so it must be presumed that probable cause was shown for a search of the premises occupied by defendant. The only question for this court to determine is whether or not the search warrant was void because of its broad scope.

In the case of United States v. Mitchell, D. C., 274 F. 128, 131, officers procured a search warrant naming defendant and authorizing the search of the entire premises at a given address. This was an apartment house in which defendant occupied only one apartment. The court held that the warrant was too general, and styled it as all-devouring, when issued against an apartment house where many families lived, stating that "this of itself is sufficient to condemn it."

In the case of United States v. Innelli, D. C., 286 F. 731, 732, which has been cited with approval by this court many times (Myer v. State, 34 Okla. Cr. 421, 246 P. 1105; Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238; Linthicum v. State, 66 Okla. Cr. 327, 92 P. 2d 381), the court said, in speaking of the place to be searched, that:

"It is described by street and number, and the name of the person to whom the premises then or formerly belonged. Had the whole premises included within the description belonged, as was doubtless erroneously taken for granted, to the person whose place was meant to be searched, such a description as that given might meet all practical needs. * * * It must not be forgotten that a warrant is a command which must be obeyed. * * * Such a command should not direct a search which would be wholly unjustified. If the place described by street and number is used by a number of persons for different purposes, then it is not a place; but there are several places included in the one description. It is then a general, but not a 'particular,' description."

Obviously, the warrant was intended to operate, and did operate, as a blanket search warrant covering the private place of abode of several people, and was therefore void. Mason v. State, supra.

For the reasons stated above, this case is reversed and remanded to the trial court with instructions to dismiss.

BAREFOOT, P. J., concurs. DOYLE, J., absent.