## LESTER SPARKS v. STATE.

No. A-10269.   Oct. 20, 1943.

(142 P. 2d 379.)

432

R. O. Ingle, of Sallisaw, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty Gen., for defendant in error.

JONES, P. J. The defendant, Lester Sparks, was charged in the county court of Sequoyah county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail, pay a fine of $50 and costs, and has appealed.

The officers of Sequoyah county, on October 18, 1941, while armed with a search warrant, made a search of defendant's premises and found seven pint bottles and six half-pint bottles of tax-paid whisky.

It is contended that the court erred in overruling the motion to suppress evidence presented by defendant. There is no dispute but what the description in the search warrant of defendant's premises is accurate. It is the contention of the defendant that the house searched by the officers was occupied by two families and, therefore, in contemplation of the law, it constituted two separate and distinct places. In support of his motion the defendant testified that he had a married son who occupied two rooms of his house with a small daughter. It is undisputed that there are no partitions or any other appurtenances showing a division of control of the house.

The testimony of the officers showed that they were acquainted with defendant's household. That defendant

was the head of the family and that all of them used all of the rooms. That the defendant's son slept in the southeast bedroom. The search warrant was never introduced in evidence, so this court is unable to state whether the names of either or both of the occupants were inserted in the search warrant.

This court has many times held that a warrant for search of a private residence, occupied by several people, issued upon an affidavit which failed to name the owner or any of the occupants of the residence, was void, the search thereunder was unreasonable, and the liquor obtained in the search was inadmissible in a prosecution for unlawful possession of intoxicating liquor. Mason v. State, 63 Okla. Cr. 153, 73 P. 2d 468; Wiese v. State, 32 Okla. Cr. 203, 240 P. 1075; Clanton v. State, 59 Okla. Cr. 365, 60 P. 2d 415.

These decisions were all directed at the practice of issuing a blanket search warrant covering the private place of abode of several people. No comparable situation is here presented. Under the testimony offered by defendant, the court would have been fully justified in concluding that defendant was the head of the household and that the son was merely a member of his household. When this is considered, together with the fact that the search warrant was never introduced in evidence so that this court, by an examination, might determine whether defendant and his son were named therein, or either of them, together with the rebuttal proof offered by the state concerning the status of defendant and the members of his family and the description of the house occupied by defendant and his family, it is apparent that the order of the trial court overruling the motion to suppress the evidence should be sustained.

The officers found several pints of whisky and it is apparent that there are no material errors in the record, and the judgment of conviction should be affirmed.

It is so ordered.

BAREFOOT, J., concurs. DOYLE, J., absent.