## DOWELL v. STATE.

No. A-11602. July 2, 1952.

.Rehearing Denied Sept. 24, 1952.

(248 P. 2d 256.)

Kight & Brainard, Claremore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P.J. The plaintiff in error, Waymon Dowell, defendant below, was charged by information in the county court of Rogers county, Oklahoma, with the offense of unlawful possession in Rogers county, Oklahoma, on or about the 17th day of June, 1950, of 62 cases of intoxicating liquor, whiskey, gin, wine and rum, with the unlawful intent to sell, barter, give away the same to others. He was tried by a jury, convicted, his punishment fixed in a jury's verdict at 90 days in jail and $250 fine. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

On September 22, 1950, the defendant filed his motion to suppress the evidence on the ground that the same was obtained by an invalid search and seizure. The motion was heard on September 30, 1950. At the hearing the predicate was sought to be laid and the contention is made herein that the search warrant is a blanket warrant and therefore invalid. Cited in support thereof are the following cases: Myer v. State, 34 Okla. Cr. 421, 246 P. 1105, 1106; Wiese v. State, 32 Okla. Cr. 203, 240 P. 1075; United States v. Innelli, D.C., 286 F. 731; Layman v. State, 90 Okla. Cr. 260, 213 P. 2d 300; Wallace v. State, 89 Okla. Cr. 365, 208 P. 2d 190; Aldridge v. State, 72 Okla. Cr. 298, 115 P. 2d 275; Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238; Linthicum v. State, 66 Okla. Cr. 327, 92 P. 2d 381; Hall v. State, 34 Okla. Cr. 334, 246 P. 642; Mayberry v. State, 62 Okla. Cr. 183, 70 P. 2d 1106; Harper v. State, 94 Okla. Cr. 371 236 P. 2d 272. These cases would support and control such a situation, if true, but the record on the motion to suppress does not disclose the basis for such contention. Without the search warrant, we have no way to determine the applicability of the cases. Nowhere does it appear that the search warrant was ever introduced into evidence on the proceeding on the motion to suppress. (The fact it was introduced in the trial of the case on its merits does not make it available for consideration on the motion to suppress.) The record discloses the following stipulation relative to the search warrant:

"It is stipulated and agreed by the County Attorney on behalf of the State and H. Tom Knight, Jr., on behalf of the Defendant that this is a true copy of the original search warrant as used. That it does not show the return and that it is impossible to locate the original search warrant which shows the return of the Sheriff and except as to the return it is true and correct."

Further than the foregoing stipulation the record on the motion as to the nature of the search warrant is silent. The stipulation cannot be construed as an offer of the search warrant in evidence. It is fundamenttal that this court must

take the record as it has been made and cannot supply what does not appear therein. We cannot consider the search warrant on a motion to suppress, when nowhere does it appear in the proceedings brought to us on appeal. This being true, under the state of the record, we have nothing upon which to base a judgment relative to the search warrant. We have no right to engage in conjecture as to whether the search warrant was before the trial court, on this proceeding. The stipulation of the counsel does not so indicate and we have no right to presume the same was before the trial court on the hearing on the motion to suppress. The fact a stipulation was entered into relative to its correctness is not sufficient to warrant the appellate court in a conclusion it was offered in evidence. We can only assume the record correctly reflects the proceedings on the motion to suppress in light of stipulation of counsel that it does. In Holland v. State, 58 Okla. Cr. 404, 54 P. 2d 216, it was held:

"The burden of proving the invalidity of a search warrant rests on the defendant, and where he files a motion to suppress evidence or objects to the introduction of evidence on the ground the search warrant is not valid he should produce the affidavit and warrant in evidence in support of such motion or objection, or account for the failure to produce and offer other competent evidence to show invalidity. Where he fails to do so, this court will presume the search was legal."

See, also, Winger v. State, 43 Okla.Cr. 140, 277 P. 947; Stewart v. State, 52 Okla. Cr. 298, 5 P.2d 173. However much merit there may be in this contention, it has not been sufficiently preserved for presentation herein.

The second contention of the defendant is to the effect that the trial court erred in not sustaining his motion challenging the jury panel, some of which were special veniremen, selected from the jury wheel while the county judge who would try this case was present, and some of which special veniremen were served by the sheriff as complainant in the case, and some of which veniremen were selected from the jury wheel by the clerk acting alone in drawing said names from the jury wheel. The case-made shows that 24 names were drawn from the general panel of names contained in the jury wheel for the term of court set for October 2, 1950. The 24 names of said persons were notified by registered mail as provided by Title 38 § 23, O.S.A. 1951. On October 2nd, when the court convened, not enough of said prospective jurors responded to conduct jury trials, and on October 2nd a continuance of the docket was ordered to October 4, 1950, and a special venire of 15 additional names were ordered drawn from the jury wheel to supply the deficiency. On October 4, 1950, again a shortage of prospective jurors appeared and another special venire of 25 additional names were ordered drawn from the jury wheel, Title 38 §§ 21, 22 O.S.A. 1951. Both special venires of prospective jurors were notifed by the sheriff and his deputies as provided in Title 38, § 23, O.S.A. 1951. In regard to the drawing of the names, the defendant complains that only the clerk was present a part of the time unassisted by the sheriff and the district judge. In this connection the record shows with reference to the drawing of the names:

"Q. Where did their names come from? A. The jury wheel. Q. Who drew them? A. The sheriff and myself. Q. Was the judge present? A. The county judge there part of the time and district judge. Q. Was the district judge present all the time? A. Yes, he was present all the time."

We believe the foregoing portion of the record supports the conclusion that the persons named in the statutes and required to be present at the drawing were present all the time the names were being drawn from the jury wheel. Hence, there was a substantial observation of the provisions of Title 38, § 21, O.S.A. 1951, requiring the district judge, the sheriff and the court clerk to be present at the time of the drawing of the names from the jury wheel.

The defendant, however, complains that the county judge was also present at the drawing of the names from the jury wheel, and the record supports this complaint to the effect that he was there part of the time. His presence might be accounted for under the provisions of Title 38 § 21, which reads in part as follows, to wit:

"On the first Monday in January and July of each year and at such other times as the presiding district judge or the available judge of the court of record of the county may order, the County Clerk or one of his deputies and the Sheriff or one of his deputies in open court and under the directions of the presiding District Judge or the available judge of a court of record of the county shall draw from the wheel containing the names of jurors, * * * ."

Thus it appears from the foregoing quoted portion of the statutes that the county judge as the available judge of a court of record of the county may order and direct the drawing of the names from the jury wheel by the sheriff, etc., for jury service, or, in other words, he may be called upon to serve in an alternate capacity in the absence of or because of the inability of the district judge to so serve; but the law nowhere provides that the district judge and the county judge shall act jointly, hence, the county judge's presence was unauthorized at the drawing under the conditions herewith presented. A careful reading of the statute will so disclose. Judge Powell said, in Taylor v. State, 95 Okla. Cr. 98, 240 P. 2d 803, "there is no doubt but what the statutory provisions should be conscientiously followed. The officials of the various counties should carefully read the separate provisions of the statute, Tit. 38 O.S.1951 §§ 18—32 * * *." The instant case presents a situation where it is apparent the statute had not been carefully read. If such had been done the county judge, in this instance could not have avoided the language of Title 38, § 21, O.S.A. 1951, reading in part as follows, "at such drawing no persons other than those named shall be permitted to be present." Since the provisions of Title 38, § 21, are that the presiding district judge or available judge of a court of record of the county and the court clerk or one of his deputies and the sheriff or one of his deputies in open court under the direction of the presiding judge or available judge of a court of record in the county shall conduct the drawing from the wheel containing the names of the jurors, we presume that the said provision with reference to no other persons being present at the drawing has relation to the presence of persons in and enclosed within the rail where no other officials or persons shall be allowed, except those named officials who are engaged in drawing the names from the jury wheel. This is undoubtedly a provision which has been established for the purpose of preventing any outside interference with the drawing of the names from the jury wheel, as well as to bring the drawing out into the open where the fairness of the mechanics of said drawing may be observed, by the public in the place provided in the court room for spectators. The names drawn by the officers attending are not to be divulged to any one, Title 38 § 21, O.S.A. 1951. Thus the statute provides the names drawn from the jury wheel are not to be then publicly announced, but are to be kept in secrecy, until called for service in the box. We believe that this interpretation is consistent with the language employed and the objects and purposes sought to be attained in the act. However, the foregoing language to the effect that no persons other than those named shall be permitted to be present is clear and unmistakable. We believe this language applies to the presence of persons inside the rail, where the drawing is being conducted, only by those who are expressly authorized to conduct the same. Therefore, it was improper for the county judge to be present since the drawing was not being conducted under his direction, but in this instance (and we do not seek to lay this down as a general rule), his presence does not constitute such a procedural error as to warrant a reversal of the case, in the absence of showing by the defendant, that his presence resulted in substantial prejudice to the defendant. The burden was on the defendant to so show and he has not met the burden thereof. He has done nothing other than point out the

judge's presence and that is not. sufficient. The county judge should seek to observe the plain provisions of the law and not invade the sanctity of the area provided for the drawing of the names of the prospective jurors from the jury wheel except where he is directing the drawing in an official capacity, as an alternate to the district judge. Otherwise, he has no more right inside the rail than any other person.

Further, the defendant complains that the special veniremen were served by the sheriff and his deputies. Title 38 § 23, O.S.A.1951, reads in part as follows, "provided, that this shall not prevent service of special venire * * * by the Sheriff of the county. Laws 1949, p. 281, § 6." (The term sheriff therein used would include his deputies.) In the instant case the sheriff and the deputies making service of summons on the special venire were all complaining witnesses in the instant case. The defendant assigns this as another ground for a challenge to the jury panel. He cites in support of this contention the following cases, Kizer V. State, 64 Okla. Cr. 22, 78 P. 2d 831; Donaldson v. State, 73 Okla. Cr. 41, 117 P. 2d 555. The cases are not in point herewith for the reason that they involve the selection of talesmen by the sheriff or his deputies and not special veniremen drawn from a jury wheel as we have herein. Herein, as distinguished from the cases cited by the defendant, the sheriff and his deputies had no discretion to exercise in the selection of the jurors but were required under the law to perform only the ministerial act of notification. In so doing the record does not disclose any attempt whatsoever, by the sheriff or his deputies, to influence the prospective jurors or talk to them about this case. In the absence of such showing, no substantial prejudice could result to the defendant from the mere ministerial act of notifying the persons selected for jury service. In the recent case of Taylor v. State, supra, we said:

"The solution of the questions raised in each case, however, must be governed by the facts peculiar to that case. And in considering the acts of the officials the jury wheel act itself provides the rule by which courts must be governed. Tit. 38 O.S.A. § 29, in part provides:

" '* * * A substantial compliance with the provisions of this Chapter (§§ 18—32 of this Title), shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen hereunder, unless the irregularity .in drawing, and summoning or empanelling the same, resulted in depriving a party litigant of some substantial right; provided, however, that such irregularity must be specifically presented to the court at or before the time the jury is sworn to try the cause.'

"Also Tit. 22 O.S.1941 § 633, which has not been repealed provides in part:

" 'A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, * * * from which the defendant has suffered material prejudice.'

"It is at once apparent that there is no conflict in the two statutory provisions above quoted. Therefore, the principles of law adhered to by this court in' construing the prior statute would be applicable here.

"In Houston v. State, 63 Okla. Cr. 49, 72 P. 2d 526, 528, this court said: '* * * to entitle a defendant to successfully challenge a panel of jurors, the burden is upon the defendant to show the illegality or wrong which is the basis of such challenge is such as to have caused the defendant to suffer material prejudice.'

"See, also, in this connection, Dixon v. State, 89 Okla. Cr. 205, 206 P. 2d 231; Maddox v. State, 12 Okla. Cr. 462, 158 P. 2d 883; Buxton v. State, 11 Okla. Cr. .85, 143 P. 58;. Young v. State, 41 Okla. Cr. 226, 271 P. 426.

\* \* \* \* \* \* \* \*

"From a careful reading of the evidence in the within case we do not discover any action or conduct of the officials that was not motivated from the best of faith."

We think the procedure pursued in the case at bar, while not technically correct as to the drawing of the jurors from the wheel with the county judge as a spectator, was a substantial compliance with the law in absence of proof of prejudice by reason of the county judge's presence. The presence of the county judge at said drawing did not constitute a material departure but in the instant case he was only excess baggage. We repeat what has been indicated hereinbefore, this practice is condemned and is being merely tolerated in this instance because of the lack of proof of prejudice. The procedure of serving the prospective jurors to the special venire by the sheriff and his deputies was entirely proper under the law, Title 38, § 23, O.S.A.1951. We point out that Title 38, § 22, O.S.A. 1951, provides for the selection of talesmen only upon waiver by all parties or their attorneys by written agreement to permit selection of jurors from the body of the county or such portion thereof as the court may direct. We are confronted with no such situation herein. The special veniremen herein selected were chosen and notified in substantial compliance with the provisions of Title 38, §§ 22, 23, O.S.A.1951. As was said in the Taylor case supra, a careful reading of the evidence of the within case does not disclose any action on conduct of the officials that was not motivated from the best of faith.

Another contention of the defendant is that the trial court erred in giving instruction No. 4, which in substance instructed the jury that it was unlawful for any person to have in his possession more than one quart of intoxicating liquor, whether such liquor was intended for the personal use of the person so having same. This contention is without merit in face of the record before us. The defendant did not offer any evidence that the possession of the liquor in question was for his own personal use. In Savalier v. State, 85 Okla.Cr. 87, 185 P.2d 476, it was said:

"It is unnecessary for trial court to give instruction that possession of whiskey exclusively for one's personal use is not a violation of the law where no evidence is offered on behalf of the defendant, and there is nothing in the record to indicate that the possession of liquor was for his own personal use; the general instructions of the court being sufficient on this point."

The reason for the foregoing rule is made clear in the body of the opinion reading as follows, to wit:

"Counsel for the defendant further say the court should have gone further and instructed the jury that possession of whiskey exclusively for a person's own personal use is not a violation of law. As an abstract proposition of law the statement may be correct. The court's instructions must be based on the issues. The defendant did not testify and offered no evidence in his behalf. There was nothing in the evidence to require the court to give such instruction. The record does not bring this record within the rule stated in Bock v. State, 80 Okla. Cr. 28, 156 P. 2d 381."

It is therefore apparent that the instruction herein under consideration conformed to the record made. If the defendant had cared to invoke an instruction covering possession of intoxicating liquor for personal use he should have brought himself within the rule from an evidentiary standpoint. The reason he didn't is obvious. Possession of 62 cases of liquor by any one for personal use would be an excessive amount of liquor. Such a contention herein would have been ridiculous.

For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.