# MILLER v. STATE.

No. A-11597.   Oct. 15, 1952.

(249 P. 2d 137.)

John L. Ward, Jr., Tulsa for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendants in error.

POWELL, J.   Harry Miller, as defendant, was charged in the court of common pleas of Tulsa county with the crime of unlawful possession of intoxicating liquor. A jury was waived and defendant was tried by the court, found guilty and sentenced to serve 60 days in jail, and to pay a fine of $250, and costs.

For reversal but one error is assigned, and being that "The court erred in overruling defendant's motion to suppress the evidence secured by reason of the search warrant issued in this case."

It is argued that the description contained in the search warrant was insufficient to sustain the search.

The description contained in the search warrant reads:

"A certain five or six room frame house designated by street address as 630 East *Yougn* Place, a street in the city of Tulsa, Tulsa county, Oklahoma."

The evidence shows that the place actually searched was defendant's premises with location at "630 E. *Young* Place."

The sole question presented, then, is whether or not the fact that the name of the street was misspelled in the search warrant rendered the search warrant invalid and vitiated the search made.

Counsel argues in his brief that it was stipulated and agreed between counsel at trial that there was no such street in Tulsa as "Yougn" Place. The record discloses in such respect that the following took place:

"By Mr. Ward:   May we stipulate—between counsel for the State and the defendant, that there is no such street as 'Yougn' Street, as designated in the search warrant, in the City of Tulsa, and County of Tulsa? By Mr. Smith: That obviously is just a typographical error."

There was no evidence that there was any street in Tulsa having a name that might be confused with the pronunciation of "Yougn," or in fact   that any

confusion did result. It is simply contended that laws authorizing invasion of private premises and the sanctity of the home by search and seizure proceedings must be strictly construed. Cited is Powell v. State, 65 Okla. Cr. 221, 84 P. 2d 442. And it is further asserted that under constitutional and statutory provisions complaint or affidavit must particularly describe place to be searched, so that it can be ascertained from examination of warrant, and with such reasonable particularity, that no discretion as to place to be searched is left to searching officer. Cited are Const. Art. II, § 30; 37 O.S.A. § 84, St.1931 § 2635; Smart v. State, 63 Okla. Cr. 162, 73 P. 2d 488; Tipton v. State, 76 Okla. Cr. 77, 134 P. 2d 154, and other cases. We find nothing wrong with these abstract principles of law. Here, however, the street number was correct, the names were correct except the spelling of the street was incorrect. Whether this would be fatal would depend on whether there was actually no street as spelled and whether the name of the street given and the correct name of the street on which the premises were situated are idem sonans. And in determining if names are "idem sonans", the test is whether, though names are spelled differently, the attentive ear finds difficulty in distinguishing the name when pronounced. See 20 Words and Phrases, page 8; Vol 1, Bouvier's Law Dictionary, Rawle's Third Revision, page 1484; Black's Law Dictionary; Weiband v. State, 69 Okla. Cr. 79, 100 P. 2d 297, 298.

In the Weisband case the street involved was incorrectly spelled "Woodard," where the correct spelling was "Woodward." There was no street bearing the name as spelled in the search warrant. And as we have seen, the same is true in the within case. This court held that the names were idem sonans, and it was stated:

"While the name of the street involved herein was misspelled, the number thereon is correct; and we hold that the warrant herein is sufficient to enable the officer, without securing additional information, to go to the premises involved and make a search thereof."

In Stouse v. State, 62 Okla. Cr. 46, 70 P. 2d 145, where there was a defective description in the search warrant, and where the person whose place was to be searched was described as "One Stout" but whose correct name was "Stouse" it was held that the names were not idem sonans.

In the within case we hold that "Yougn" and "Young" are idem sonans; that is, when pronounced, have the same sound, and that the case of Weisband v. State, supra, controls here. There is no contention of any error in the description otherwise than as stated.

Accordingly, the case is affirmed.

BRETT, P. J., and JONES, J., concur.