## THOMAS C. HARRELL v. STATE.

No. A-5885.   Opinion Filed March 5, 1927.
(253 Pac. 516.)

D. B. Madden and Walter Hubbell, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

DOYLE, P. J.  Upon an information charging that in Cotton county, February 2, 1924, Thomas C. Harrell did feloniously take, steal, and carry away 100 bushels of oats, of the value of $55, the property of G. M. Janes, he was tried, convicted, and, in accordance with the verdict of the jury, was sentenced to confinement in the penitentiary for a term of one year and one day.  He has appealed from the judgment.

Appellant contends that the evidence is insufficient to support the verdict.

The undisputed facts show that Dr. G. M. Janes was the owner of several hundred bushels of oats, raised on his farm 14 miles south of Walters, and stored in a granary on the adjoining farm of E. R. Taylor; that appellant was engaged in the business of buying oats, and drove his truck into Cotton county, and learned from inquiries made along the road that Dr. Janes had oats in a granary on the Taylor farm.

E. R. Taylor testified that appellant came to his place and said Dr. Janes sold him some oats; he said his name was Bowles; that he loaded about 100 bushels of the oats into his truck.

Dr. Janes testified that he never saw appellant before he was arrested, and that the oats were taken without his knowledge or consent.

Mrs. E. R. Taylor testified that appellant drove up to the house and asked her if Dr. Janes had any oats

there. She said, "Yes." He told her his name was Bowles; then drove to the granary where her husband was.

J. D. Kerr, sheriff, testified that he arrested appellant at Burkburnett, Tex.; at that time appellant said he sold the oats to an elevator at Burkburnett.

As a witness in his own behalf, appellant testified: That he had been engaged in buying oats in Cotton county and selling them at Burkburnett. That on February 2d he drove to Cotton county and was informed that Dr. Janes had oats to sell on the Taylor place. That he drove there that evening and asked Mr. Taylor if Dr. Janes had oats to sell, and what they were worth. Mr. Taylor said he did, and they were worth 55 or 60 cents, he did not know which. He told him he wanted to buy some, and that he would come back on Monday morning and pay Mr. Janes for the oats and try to buy the rest. That he did not tell him his name was Bowles, but told him that he lived north of Burkburnett 2 miles. That he started home, and 3 or 4 miles from there he got stuck and left the truck and went home. The next day, Sunday, he came back and hired a man to pull his truck out of the ditch, and that evening got stuck in the sand 2 miles north of Red River and went home. The next day he sent his boy after the oats, and he sold them at Kelley's Elevator at Burkburnett.

From the foregoing summary it is plain that the verdict is amply supported by the evidence.

It is also contended that the trial court erred in permitting the county attorney to indorse the name of Mrs. E. R. Taylor on the information when the case was called for trial. Under the statute (section 2511, C. S. 1921), permission to indorse names of additional

witnesses on the information at the trial is a matter resting entirely within the sound discretion of the trial court, and, unless it clearly appears that it was an abuse of discretion, and that it was prejudicial to the substantial rights of the defendant, it will not be held to be reversible error. Star v. State, 9 Okla. Cr. 210, 131 P. 542; Grayson v. State, 12 Okla. Cr. 226, 154 P. 334; Bradshaw v. State, 16 Okla. Cr. 624, 185 P. 1102.

In Grayson v. State, supra, it was held that:

"In felony cases, other than capital, the names of additional witnesses may be indorsed on the information after the filing of the same, at such time as the court may by rule prescribe."

It follows that there was no error in the action of the court.

Appellant also complains of the action of the trial court in refusing to put the prosecuting witness, Dr. Janes, under the rule, and to exclude him from the court room during the progress of the trial.

The exclusion of witnesses for the state at the request of a defendant is not an absolute right in all cases, but rests in the sound discretion of the trial court, and this includes the power to except one or more witnesses from the operation of the rule. It is the proper practice to permit the prosecuting witness or some officer active in the prosecution of the case to remain for the purpose of advising the prosecuting attorney as to the facts, interest, and character of witnesses, etc. That the discretion of the court in allowing this witness to so remain was not abused is evident from the record.

Looking to the record, we find it free from error. The instructions correctly covered the law of the case, and appellant, from all that the record discloses, had a fair trial.

The judgment appealed from is accordingly affirmed.

EDWARDS and DAVENPORT, JJ., concur.