## JIMMY BARNETT v. STATE.

No. A-6146.   Opinion Filed Nov. 28, 1928.
(271 Pac. 956.)

154

Don Cameron and D. E. Ashmore, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted of manslaughter in the first degree in the superior court of Okmulgee county and was sentenced to serve a term of four years in the state penitentiary.

The record discloses that on the day charged the defendant shot and killed one Albert Fisher. The killing occurred at the home of defendant in the presence of several witnesses. Deceased was shot in the back. The evidence for the state and for the defendant is sharply conflicting; that for the state tending to prove the homicide was murder; that for defendant tending to prove the killing was in self-defense. It is urged that the evidence is not sufficient to sustain the judgment. It has been many times held by this court that it is for the jury to pass upon the weight of the evidence and the credibility of the witnesses, and to say whom they will believe or disbelieve. Where the evidence, although conflicting, is such that the jury reasonably may find the guilt of defendant, this court will not substitute its judgment for that of the jury and reverse the case. Brimmage v. State, 17 Okla. Cr. 205, 187 P. 497.

The contention also is made that the court erred in overruling defendant's application for a continuance.

This application is based on the absence of witnesses Orban Crowe and Sam Prince. Crowe was with Fisher in his car when he went to the home of defendant on the night of the homicide. A subpoena was issued by the state to procure his attendance. None was issued by defendant. That this is not diligence is not an open question. If defendant desires to procure the attendance of a witness he must not rely upon the state procuring him, but must himself use diligence to secure his attendance. 9 Cyc. 197; Kirk v. Territory, 10 Okla. 46, 60 P. 797; Sanders v. State, 36 Okla. Cr. 120, 252 P. 855. Defendant had a subpoena issued for the witness Prince, which was not served. The whereabouts of this witness was unknown; the application states that he was last heard of in Wyoming. No probability of procuring his attendance at any subsequent trial is shown. There was no error in overruling the application.

Complaint is next made that the court excluded competent evidence offered by defendant and admitted incompetent evidence for the state. This assignment is directed to several items of testimony. It was sought to be shown that at 2 o'clock in the afternoon of the day of the homicide, and again at 4 o'clock, Fisher, the deceased, was apparently intoxicated, and that some days prior to the homicide, the exact time not being shown, he was armed and intoxicated at the office of a dentist in Henryetta. The homicide occurred at 8 o'clock p. m. Evidence of intoxication at 2 o'clock p. m., or even 4 o'clock, on the same day, is rather remote and of doubtful probative force. Even if deceased was intoxicated at the time of the homicide, such fact would not justify defendant in shooting him, except in his necessary self-defense.

It is also insisted that the court erred in allowing the rule for the exclusion of witnesses upon the condition that defendant would first testify. The exclusion of witnesses from the courtroom in the course of the trial is

not a matter of right, but rests in the sound discretion of the trial judge. Harrell v. State, 36 Okla. Cr. 225, 253 P. 516. When the request for the rule was made, it was the duty of the court in his discretion to either allow or disallow the application. He had no right to add the condition that it would be allowed only if defendant first took the stand in presenting his side of the case. It was improper for him to mention in the presence of the jury the taking the stand by defendant at all. Counsel for defendant, however, made no objection nor exception to the statement, nor ruling of the court, but complied with the ruling and put the defendant on the stand first. If counsel desire to preserve the record upon the rulings and statements of the trial judge, they should make timely objections and exceptions. When they fail to do this, the error, unless fundamental, is waived. Stack v. State, 4 Okla. Cr. 1, 109 P. 126; Steward v. State, 9 Okla. Cr. 327, 131 P. 725.

It is also argued at some length that the trial judge made prejudicial remarks in the presence of the jury. This assignment is directed to remarks of the court in the course of the trial. The excerpts from the record set out and relied upon were not excepted to at the time, and no motion to withdraw them from the jury was made. The remarks of the trial judge in the course of presenting the evidence, while of doubtful propriety, are not prejudicial, and, since no exceptions were taken, we assume counsel for defendant did not consider them so at the time. During the course of the argument the trial judge properly admonished counsel to stay within the record. Counsel had stated a matter of evidence as of his own knowledge, and at another point in his argument apparently had stated to the jury that the court had excluded material evidence. Both statements were improper argument, and the admonition by the trial judge timely. The court, however, should not then have engaged in a

colloquy with counsel as he did about the matter. Exceptions were taken in this instance to the ruling of the court. The error, if any, was invited, and is not of sufficient importance to warrant a reversal.

Lastly, it is argued that the court erred in giving the jury additional instructions, after the case had been submitted and had been by them considered for some time. The instruction complained of is cautionary, admonishing the jury in substance to endeavor to arrive at a verdict by deliberating with candor and by giving respect to the opinions of each other. This is bilateral, and is as favorable to defendant as to the state. Upon an examination of the entire record, we are convinced that under the evidence the jury correctly rendered its verdict finding defendant guilty; that they were extremely lenient in assessing the punishment at four years in the penitentiary. There is no miscarriage of justice. Section 2822, Comp. Stat. 1921, precludes this court from reversing a judgment of conviction because of the exclusion of evidence, or the admission of improper evidence, or for other reasons, unless after an examination of the entire record it is apparent that the exclusion of such evidence, or the admission of improper evidence, probably resulted in a miscarriage of justice, or deprived defendant of some constitutional or statutory right, to his prejudice. Wiley v. State, 17 Okla. Cr. 643, 191 P. 1057.

The various errors occurring at the trial, in the light of the entire record, are harmless.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.