## JESSE LANDRUM et al. v. STATE.

No. A-7227.   Opinion Filed March 29, 1930.
(287 Pac. 1047.)

G. W. Goad, for plaintiffs in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, hereinafter called the defendants, were charged with larceny of chickens in the nighttime of the value of $22, were convicted, and sentenced to serve a term of two years in the penitentiary; from which judgment both defendants have appealed to this court.

The testimony of the state, in substance, is that Mrs. Mattie Anderson was the owner of forty chickens; that on or about the 7th day of March, 1928, twenty-two of her chickens were missing from her premises; that night she kept her chickens in a hen house which was locked; on the 8th day of March, 1928, she missed her chickens, later these chickens were located at Dodge, Delaware county, Okla., where a Mr. Roberts had bought the chickens; Mr. Roberts was running a store at Dodge, and Lillie Roberts, his wife, testified the morning she purchased the twenty-two chickens the defendants came to the store and inquired the price of chickens; Mrs. Roberts was running the store that morning and identified the two defendants as being

the parties who sold her the chickens; she also testified in making out the check she asked the defendants to whom the check should be made, and one of the defendants stated to Henry Jones; the check was in the amount of $21.70. The testimony further shows that the check was cashed at a bank at Afton, Okla., and when it was cashed it was indorsed: "Henry Jones, Delaware Service Station, Bernice, Oklahoma; John Mathews."

The testimony further tends to show that when Mrs. Anderson recovered the chickens from Mr. and Mrs. Roberts, of Dodge, she returned to her home and at roosting time they went to their usual place to roost, and some of the hens went to the same nests where they had been laying.

The defendants deny that they are guilty of taking the chickens of the prosecuting witness, either in the day or nighttime. Defendants called several witnesses to prove where they were at the time it is alleged in the information that the chickens had been taken. Neither of the defendants took the stand.

The defendants have assigned several errors alleged to have been committed by the trial court, the first being because the court erred in overruling the demurrer of the defendants to the information filed against them. After carefully reading the information, we hold that the information sufficiently charges a crime against the defendants, and the court did not err in overruling the demurrer.

The defendants next complain of the action of the court in refusing to give the defendants, and each of them, time in which to plead after demanding and receiving a copy of the information filed against them. It appears from the record that when the information was prepared,

in making a copy of the information the word "out" was omitted after the word "with." When this question was before the court as to the copy served on the defendants not being accurate on account of the word "out" not following the word "with," the defendants demanded a copy of the original to be served on the defendants, which was done, and the defendants then demanded and requested further time to plead to the information as amended. The record discloses that the court in passing upon the question stated:

"On May 4, 1928, when this was before the court I stated that if counsel had a purported copy of the information, and it was not an accurate copy, and the information did not contain the word 'out' after the word 'with' the demurrer would be good and should be sustained. Counsel had an opportunity to examine it and defendants were represented by counsel. An examination of the information of May 4, 1928, showed that the word 'out' had been written in the original with a pen, and the court stated when that occurred he did not know."

The attorney for the defendants admitted he had been served with a copy of the information the morning the question was before the court showing the word "out" after the word "with" that was not on the original served upon them.

The defendants before the demurrer was filed were permitted to withdraw their pleas of not guilty, which demurrer was overruled, and on May 4, 1928, the defendants required to enter their plea to the information.

It is further shown that the attorney for the defendants excepted to the ruling of the court and stated they were not ready for trial on account of an absent witness. The defendants urged that the county attorney had agreed with the defendants' counsel that the testimony of the

absent witness Ed Willis would be the same as the testimony of G. T. Bowman. County attorney and counsel for the defendants could not agree as to what the testimony of the absent witness Ed Willis would be and requested a continuance for the defendants until they could secure the attendance of Ed Willis, which was overruled and defendants excepted.

An examination of the record fails to show that the defendants brought themselves within the rule required by the statute by failure of the defendants on filing their motion for continuance to have it sworn to by one or more of them setting forth what the testimony of the absent witness would be, and by showing they had used due diligence to secure the attendance of the witness and that his absence was no fault of theirs.

In Hunt v. State, 37 Okla. Cr. 294, 260 Pac. 512, in the first paragraph of the syllabus, the court said:

"Application for a continuance on account of the absence of witnesses is addressed to the sound discretion of the trial court, and, unless there is a manifest abuse of such discretion, the judgment and conviction will not be reversed because a continuance was denied." Barnett v. State, 41 Okla. Cr. 153, 271 Pac. 956.

Counsel for the defendants with great earnestness argues that the testimony in this case is insufficient to sustain the judgment and refers to the ninth instruction of the court, in which the jury was told that it must believe beyond a reasonable doubt that the defendants in this case, in Delaware county, Okla., in the nighttime and within three years prior to the 9th day of February, 1928, did take, steal, and carry away from the messuage of Ralph Anderson and Mattie Anderson, the chickens or some of them charged in the information. The testimony of Mattie Anderson, who claimed to have owned the chickens, is that

during part of the day, and on the 6th day of February, when she locked the chickens up for the night they were all there; she could tell when they were all there even if she did not count them. That she was at home all day the following Wednesday; that she did not know exactly when the chickens were taken, but she missed them on Wednesday, the 8th, when she went to lock the chicken house for the night. The question of the sufficiency of the evidence was a question for the jury, the jury being the sole and exclusive judges of the weight of the evidence and the credibility of the witnesses. This court has passed upon this question many times and has repeatedly held that where there was any competent testimony to go to the jury, though conflicting, it would not disturb the verdict.

We have carefully considered the record in this case and find that there is sufficient evidence to sustain the verdict. The information stated sufficient facts to advise the defendants of the crime of which they stood charged. The court properly instructed the jury as to the law applicable to the facts in this case. The defendants were accorded a fair and impartial trial.

Finding no errors of sufficient merit to warrant a reversal of this case, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.