# WILLIAM J. DEAN v. STATE.

No. A-7923.   Opinion Filed June 6, 1931.
(300 Pac. 319.)

John W. Whipple and Charles E. Webster, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county of the crime of maintaining a place where intoxicating liquors were being received and kept for the purpose of bartering, selling, giving away, and otherwise furnishing the same to others unlawfully, and his punish-

ment fixed by the jury at a fine of $500 and imprisonment in the state penitentiary for two years.

The evidence of the state was that the defendant entered a plea of guilty in Lincoln county, Okla., to a charge of having in his possession and control a still and worm for the purpose of manufacturing intoxicating liquor in the county of Lincoln and state of Oklahoma, and was by the court adjudged to pay a fine of $250 and serve 90 days in the county jail; that defendant served the time in jail and gave a stay bond for the fine and costs; that he entered a plea of guilty in the superior court of Creek county, Okla., to a charge of selling intoxicating liquor, and served 90 days in the county jail and paid a fine of $200.

The evidence of the state was that the officers searched the premises of defendant in Payne county and at about 125 yards from the house, concealed in some postoak runners, brush, and leaves, and covered up back under the leaves, they found a half gallon of whisky in a fruit jar, also a five-gallon stone jug in a gunny sack, some empty glass jugs, and some bottles; that a well-beaten path led from the defendant's house to the place where the liquor was concealed; that defendant's place was a place of public resort, and that the reputation of the place as being a place where intoxicating liquors were kept for sale was bad; that the officers had raided the place on numerous occasions and found empty bottles and jugs and liquor paraphernalia, but had found no other liquor on these particular premises; that defendant's place had been watched by the officers and parties observed going into the place and coming out drinking out of a bottle; that the bottle was thrown down and was found by the officers to have contained whisky.

Defendant, testifying for himself, denied that he owned the whisky or knew that it was there. He testified

that he owned the five acres where he lived and supported himself by working occasionally at odd jobs. On cross-examination, defendant admitted that he had been convicted for violation of the prohibitory liquor laws in Payne county.

Defendant contends that the evidence obtained under the search of his premises was inadmissible for the reason that the warrant described premises other than those owned by the defendant. No motion was made to suppress the evidence, and no objection was made to the introduction of the same at the time the witnesses were examined. Later, when the state sought to introduce the liquor, the defendant objected because of the insufficiency of the description in the search warrant.

The state sought to introduce the affidavit and search warrant in evidence, and the same was objected to by defendant because they were illegal and contrary to the constitutional and statutory rights of the defendant, and the description was incomplete. The state then withdrew the offer, and the affidavit and search warrant were not introduced.

The evidence of the state being that the liquor was found concealed in the brush and weeds, about 125 yards southeast of the house, the court held that no search warrant was necessary.

A search made in canyons, pastures, woodlands, or fields, not in close proximity to any residence, is not unreasonable within the meaning of the Constitution. Merck v. State, 35 Okla. Cr. 160, 249 Pac. 163; Mitchell v. State, 38 Okla. Cr. 167, 259 Pac. 661; Perry v. State, 42 Okla. Cr. 92, 274 Pac. 686.

In the case at bar, the officers found no liquor or paraphernalia in or about the house or curtilage of de-

fendant and no evidence was introduced against him, except that found concealed in the postoaks and brush as described by the witnesses and outside of the curtilage of the defendant.

In the case of Reutlinger v. State, 29 Okla. Cr. 290, 234 Pac. 224, this court sustained the introduction of the evidence obtained in a search made of canyons, pastures, and waste places, remote from human habitation, even though the affidavit and warrant under which the officers operated was void.

No search warrant being necessary under the evidence in the case at bar, the question of the correct description was immaterial, and the evidence was properly admitted.

Defendant next contends that the trial court was guilty of prejudicial misconduct.

At the time for the trial to open on the second morning, it appears from the record:

"By Mr. Whipple: I just talked to the defendant over the phone, and he is snow bound and can't get any farther for a while, and he will be here as soon as he can get out of the snow.

"By the Court: Well, we will wait until he gets here, then we will let him stay in jail until the trial is over. We can't have a man running around over the country when he is being tried for a crime; it is his business to be here, and we will see that he stays here. And it is your instruction, Mr. Sheriff, that when he gets here, to take him into custody and keep him until we are ready to go on. We can't have such foolishness as this going on."

No objection was made to this statement of the judge, and no exception saved to the same, and no complaint made in the motion for a new trial, nor is the question raised in the petition in error.

Trial judges should not make remarks of this kind in the presence of the jury, but, considering the character of the proof offered against the defendant and .the conclusiveness of his guilt, he could not have been materially prejudiced by such remarks.

The defendant next contends that the court erred in refusing to put the witness for the state under the rule.

It appears from the record that all of the witnesses for the state were officers. There is nothing in the record to indicate that one officer was in any wise influenced in his testimony by what some other officer testified to.

16 Corpus Juris, 841, lays down the rule: "Either party may request that the witnesses be placed under the rule; but it is discretionary with the court."

In Barnett v. State, 41 Okla. Cr. 153, 271 Pac. 956, this court said:

"The exclusion of witnesses under the rule is not an absolute right, but rests in the sound discretion of the trial judge."

See, also, Harrell v. State, 36 Okla. Cr. 225, 253 Pac. 516; Agent v. State, 18 Okla. Cr. 281, 194 Pac. 233.

Defendant next contends that the court erred in permitting the county attorney to indorse the name of an additional witness upon the information.

The record discloses that on the 18th day of January, 1930, the county attorney made application in writing to the court for leave to indorse the name of George Wiles upon the information, alleging that the county attorney had learned since the information was filed that he was a material witness.

The case was called for trial on the 20th day of January, and it further appears from the record that the name of the witness had not actually been indorsed on the information until he was called. When the court's attention was called to the application for leave to indorse the name, he ordered it indorsed on the information and permitted the witness to testify.

It is within the sound discretion of the trial court to permit the indorsement of additional names in felony cases, other than capital. Where no abuse of such discretion appears, the case will not be reversed because the court permitted the state to indorse the names of additional witnesses on the information after the trial had started.

Defendant complains of other errors, but they are all without substantial merit.

It is disclosed by the record that the defendant is an habitual violator of the liquor laws of the state of Oklahoma, and the defendant's place is a place where intoxicating liquors were kept for sale in violation of law.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.