W. L. JACKSON v. STATE.

No. A-9663.  Feb. 24, 1940.
(99 P. 2d 908.)

J. Q. A. Harrod and Laynie Harrod, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM. The information in this case charged that in Oklahoma county on the 8th day of November, 1928, W. L. Jackson did have in his possession seven pints of tax-paid intoxicating liquor, with the unlawful intent to sell the same. A jury having been waived, the case was tried to the court, and he was found guilty. Motion for a new trial was duly filed and overruled and he was sentenced to pay a fine of $50, and be confined in the county jail for 30 days.

On appeal he assigns as error the overruling of the motion to suppress the evidence, and that the judgment of the trial court herein is contrary to the law and the evidence.

The state relied for this conviction upon the testimony of two witnesses.

L. H. Kolb testified that he was a police officer. Under authority of a search warrant, issued by Carl Traub, jus-

tice of the peace, he searched the premises at 408 North Central, Oklahoma City, and found seven pints of tax-paid liquor and gin. The defendant claimed the whisky, said it belonged to him.

It was agreed that Officer C. S. Scott, who assisted in the search, would give the same testimony.

The state rested and the defendant interposed a demurrer to the evidence, for the reason that the same was obtained by an illegal search of the defendant's residence, and moved the court to discharge the defendant, which was overruled.

Thereupon it was agreed that the testimony heretofore offered by the defendant in support of his motion to suppress the evidence is now offered as his defense.

In support of the motion to suppress, the affidavit and search warrant were introduced.

Otis Bryan testified:

"I was living at 408 North Central, Oklahoma City, on November 8, 1938, and had been living there since November 1st, occupied a bedroom upstairs, did not take my meals there."

On cross-examination he stated that W. L. Jackson and his wife occupied the rest of the house.

Mrs. Ella Jackson, wife of the defendant, testified that she with her husband occupied the house, that it had two bedrooms, one downstairs and one upstairs, and the bathroom upstairs that they all used.

The defendant, Jackson, testified that he rented a room upstairs to Mr. Bryan, and that the officers found some whisky up there, that he had it there for his own use. On cross-examination he stated that he had the

whisky under a trunk in Otis Bryan's room; it was in a hole in the floor; that was covered up and had a trunk over it; that it had been there he guessed three or four weeks.

The affidavit and the search warrant recite as follows:

"That in Oklahoma County, State of Oklahoma, on the 8th day of November, 1928, John Doe, whose full and more correct name is to affiant unknown, in a one story frame building and all out buildings, located at 408 North Central street, in Oklahoma City, did then and there unlawfully and willfully have in his possession and under his control."

And further stating facts sufficient to show probable cause for the issuance of the search warrant, and further stating that said premises is a place of public resort.

The foregoing is sufficient to show that there is no merit in the contention made, and that the objections to the admissibility of the evidence in the case and motion for a directed verdict were properly overruled.

We find that the evidence is amply sufficient to sustain the finding of the trial court, and the record shows that the defendant was accorded a fair trial.

Finding no material error in the record, the judgment of the lower court is affirmed.