FLORENCE GILL v. STATE.

No. A-9748. Feb. 19, 1941.

(110 P. 2d 926.)

248

J. F. Thomas, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Florence Gill, was by information charged in the county court of Comanche county, Okla., on April 8, 1939, with unlawful possession of intoxicating liquor, waived a jury, was tried, convicted, and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50 and costs, and has appealed to this court.

The defendant contends that the search warrant was insufficient because the building searched, in which she made her home, had no street number and that there were other occupants of the building besides herself.

The search warrant states that "on the 7th day of April, 1939, John Doe, whose more full, true and correct name is unknown, in a certain building and on a certain premises described as follows, to wit: A said two story brick building located 413½ C St. City of Lawton, Okla.,

Comanche Co., in said County and State, did then and there unlawfully have in his possession * * * Beer, gin, wine and whisky * * *."

The testimony of the state showed that four officers went to the premises of the defendant described in the search warrant, served the warrant on the defendant, searched her apartment, and found 112 pints of whisky and gin. No one was at the place at the time of the search except the defendant and a boy who stated that he delivered for the defendant.

The defendant testified on the motion to suppress the evidence, but did not testify in the trial of the case.

The defendant was the only witness in support of her motion to suppress the evidence. Her testimony is short, and we herewith quote the same in its entirety:

"Q. You are the defendant in this case? A. Yes. Q. You were occupying the upper floor of the building described in the information as the building at 413 'C' Avenue? A. Yes. Q. On the 7th day of April, 1939? A. Yes. Q. How many rooms are upstairs in that building? A. Six. Q. Was anybody else occupying any rooms in that building? A. My niece. Q. Is she married? A. Yes. Q. Was her husband occupying the room, also? A. Yes."

Cross-examination:

"Q. You occupied the whole upstairs? A. Yes. Q. You didn't live downstairs? A. No. Q. The upstairs is described as 413½ 'C'? A. Yes. Q. And downstairs as 413 'C'? A. Yes. Q. You say there is six rooms upstairs? A. Yes. Q. Your niece was living with you? A. Yes. Q. She and her husband were living there? A. Yes. Q. You pay the rent on the whole upstairs? A. Yes. Q. You pay the light and gas bill? A. Yes. Q. All water bills? A. Yes. Q. They were just staying there with you? A. Yes. Q. They rented then from you? A. She worked for me for her room. Q. She and her husband just lived with you as

part of your family? A. They had this back bedroom. Q. There in your house? A. Yes."

The defendant admitted that 413½ C street is the correct street address of the upstairs portion of the buildings, the part searched; 413 C street is the address of the downstairs portion. That there is no legend on the outside of the building, which shows its number, is the contention of the defendant. This court stated in Key v. State, 69 Okla. Cr. 71, 100 P. 2d 291, that the purpose of article 2, section 30, of our Constitution, Okla. St. Ann., is not to make it impossible for officers of the law to make searches of places where they have good reason to believe that liquor is being kept in violation of the law. The address named in the warrant is the correct address. If any other address had been given, it would have been the wrong address. To sustain the defendant's contention would prevent any search from ever being made on these premises.

In the cases of Myer v. State, 34 Okla. Cr. 421, 246 P. 1105, and Linthicum v. State, 66 Okla. Cr. 327, 92 P. 2d 381, this court held that where the place to be searched is described in the search warrant by a single street number without naming the owner or any of the occupants, and it is shown that two or more families reside in separate apartments, a search warrant directing the officers to search the premises designated by such single number is void because in legal contemplation it describes more than one "place".

In Jackson v. State, 69 Okla. Cr. 48, 99 P. 2d 908, 909, this court further held that a search warrant which stated that in a certain county of this state, on a given date, "John Doe, whose full and more correct name is to affiant unknown, in a one story frame building," located at a single street number, in a certain town, had possession

of liquor, etc., was sufficiently descriptive and that the motion to suppress the evidence was properly overruled, even though it was shown that a man, not a member of the defendant's family, rented a room in the defendant's home at the address given in the search warrant.

From the above cases, we conclude that a John Doe search warrant, designating the place to be searched by a single street address, describes more than one "place" and is insufficient where two or more separate family establishments are maintained at the same address; only one "place" is described and the warrant is sufficient where, at a single street address, the occupants reside as one family, even though rooms are rented and the tenants of such rooms are not, under the circumstances, shown to be keeping separate establishments within the home of said occupants.

The only other persons contended to have lived at the premises searched in this case were the niece of defendant, who worked for the defendant for her room, and her husband. Under the testimony of the defendant, as above set forth, we conclude that these were not two separate family establishments at this address, as contemplated by our law, and that the court did not err in overruling the motion to suppress the evidence.

In her defense, the defendant offered the testimony of only one witness, who was her father and who lived in another part of town.

The defendant further contends that the court erred in sustaining objections to the testimony of this witness, S. A. Newsom, and refusing to permit said witness to testify that other persons resided at the premises and in the building, upstairs and down, where and at the time said liquor was alleged to have been found and when said search was made, specifically, that the liquor was found

252

in a room occupied by the niece of the defendant, a certain Dorothy Rogers, and her husband.

There is no showing that the witness was present at the time of the search.

This case was tried to the court without a jury. The trial court evidently gave the defendant the benefit of all these circumstances, as he only assessed the minimum punishment. The proof of guilt was conclusive.

This court held in Davis v. State, 30 Okla. Cr. 61, 234 P. 787:

"Where the relevancy and probative force of proffered testimony is vague, remote, and of doubtful value, its exclusion is not error."

The court did not err in excluding this testimony.

The case is accordingly affirmed.

BAREFOOT, P. J., and DOYLE, J. concur.