## ELLINGTON v. STATE.

No. A-11292. April 4, 1951.

(229 P. 2d 902.)

R. O. Swimmer, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, Eli Horace Ellington, was charged in the common pleas court of Oklahoma county with the offense of unlawful possession of intoxicating liquor; was tried; convicted; and sentenced to pay a fine of $150 and serve 30 days in the county jail; and has appealed.

It is contended that the court committed reversible error in overruling the motion to suppress evidence which was presented prior to the trial.  At the hearing on the motion the defendant testified that on or about March 10, 1949, certain deputy sheriffs of Oklahoma county came to an establishment at 1334 S.E. 29th street in Oklahoma City where the defendant operated a domino parlor; that the officers were armed with a search warrant describing the premises to be searched as follows: "One story frame building and frame out buildings located at 1334 S.E. 29th St., adjacent to Oklahoma City in Oklahoma County, Oklahoma"; that in the rear of the building, but at No. 1334½ S. E. 29th, the defendant slept.  The defendant's wife was at his home at another place, but one Joe Barnes who had been operating the establishment had been placed in jail about 24 days before the date of the raid and the defendant had been operating the place during the absence of Barnes and sleeping in the southeast bedroom. As to the arrangement of the building defendant testified:

"From the business establishment, there is a storage room, and then living quarters in the back, and there is two partitions, wall between the business establishment and the living quarters.  1334½ is in the living quarters, and 1334 is the business establishment."

The defendant further testified that you entered his sleeping room from the east and No. 1334½ was over the door.  It was the defendant's contention that the authority of the officers under the search warrant was confined to a search of the front part of the building and did not extend to a search of the rear part of the building where the defendant slept and where the officers found the whisky concealed.

The officers testified in substance that they went to the place named in the search warrant and found it to be a one story frame building; that on the front of the building was the No. 1334; that the building faced north; that in the front end there was a barber chair and a little bar or counter at the west end of the main entrance; that in the next room was a storage room with some old counters or other stuff in it, and then in the next room on the southeast was a bedroom where the whisky was found; that the defendant said it was his bedroom and that the whisky belonged to him; that there was another bedroom in the southwest part of the building occupied by a man by the name of Poole who worked as a barber in the building; that in the room where the whisky was found there was no closet and no men's clothing, just a bed.  There was a dispute in the testimony as to whether the officers had to secure a key from the de-

fendant before they could open the door separating the southeast bedroom from the remainder of the building, but as we view the matter it is not material whether the door was locked or unlocked.

The officers specifically denied that there was a number 1334½ over the door which entered the bedroom from the east.

The authorities cited by the defendant involve cases where a search warrant was issued for a single street number but two or more families resided in separate apartments, and in those cases the warrant was held to be void. Linthicum v. State, 66 Okla. Cr. 327, 92 P. 2d 381, and cases therein cited. In Gill v. State, 71 Okla. Cr. 247, 110 P. 2d 926, it was stated:

"A John Doe search warrant, designating the place to be searched by a single street address, describes more than one 'place' and is insufficient where two or more separate family establishments are maintained at the same address; only one 'place' is described and the warrant is sufficient where, at a single street address, the occupants reside as one family, even though rooms are rented and the tenants of such rooms are not, under the circumstances, shown to be keeping separate establishments within the home of said occupants."

It is our conclusion that if the trial court is to give credence to the testimony of the court's witnesses, that there is an abundance of evidence to sustain the validity of the search for the reason that under their evidence the building was one single unit, a part of which was occupied by the defendant for sleeping purposes, but the whole building was evidently used as a place to carry on his illicit whisky business. Quick v. State, 75 Okla. Cr. 176, 129 P. 2d 604.

In Mitchell v. State, 73 Okla. Cr. 184, 119 P. 2d 99, 100, it is stated:

"The Criminal Court of Appeals will not reverse a trial court upon a finding of fact in connection with a motion to suppress the evidence where there is competent evidence in the record reasonably tending to support the findings of the court."

The second proposition presented by defendant is that the court allegedly committed error in the admission of certain evidence. The deputy sheriffs testified that during the progress of the search they saw a federal retail liquor stamp prominently displayed on the west wall in the front part of the building where they first entered. The defendant contended that the alleged federal revenue license as a liquor dealer was the best evidence and that the court should not have admitted testimony as to what the officers saw.

The officers did not attempt to testify as to whom the federal license was issued or what was said in the license and they did not contend that the defendant had a federal retail liquor dealer's license which would constitute prima facie evidence of an intent to violate the prohibitory liquor laws, 37 O.S. 1941, § 81, and no instruction was given by the court on this prima facie statute.

The statute, 37 O. S. 1941 § 1, prohibiting the possession of intoxicating liquor only prohibits the possession of such intoxicating liquors when there is an intent on the part of the possessor to sell or otherwise dispose of such liquor contrary to law. The defense interposed was that the liquor was in the possession of the defendant because he was taking it as a medicine and it was cheaper for him to buy it in large quantities. The intent with which the liquor was possessed was the chief point in dispute in the case, and in determining this point the officers had a right to detail to the jury all of the things which they observed in the building, including the appearance of the bar at the front end, and also they had a right to state that there was a federal liquor stamp tacked to the wall in the front part of the building in a prominent place, if such was a fact. Of course, if the officers had attempted to state what was set forth in the license

the license itself would have been the best evidence, but no attempt to do this was made. Furthermore the defendant in his testimony admitted that there was a liquor license at the place but denied that he owned it or had anything to do with it. Under such circumstances, if the admission of the evidence had been error it became harmless error and not grounds for reversal when the defendant took the stand and testified to the same state of facts. McKee v. State, 75 Okla. Cr. 390, 132 P. 2d 173.

The next assignment of error concerns the request of counsel for defendant to place the witness L. H. Kolb under the rule and to order him to remain outside of the hearing of the trial until he was called as a witness. This request for the rule by counsel for defendant was made after a considerable amount of testimony had been taken, and when the request was made, the court excluded all witnesses from the courtroom except L. H. Kolb, the complaining witness. In Dean v. State, 51 Okla. Cr. 138, 300 P. 319, this court stated:

"The exclusion of witnesses for the state, at defendant's request, is not an absolute right in all cases, but rests in the sound discretion of the trial court, and this includes the power to except one or more witnesses from the operation of the rule."

Complaint is made that the court erred in allowing evidence to be admitted affecting the character of defendant when his character had not been placed in issue. This was directed at the testimony of the defendant in cross-examination where the county attorney asked him where Joe Barnes was living at the time of the raid, and the defendant replied that he was in jail. Upon motion by defendant's counsel this testimony was excluded from the consideration by the jury. This was not an attack on the character of the defendant, and since the trial court excluded all reference to the whereabouts of Joe Barnes from the consideration of the jury, it is not of sufficient importance in our minds to constitute reversible error.

Judgment is affirmed.

BRETT, P. J., and POWELL, J., concur.