## CHAMBLESS v. STATE.

No. A-11311. May 16, 1951.

(231 P. 2d 711.)

David Tant, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The state commenced this prosecution by filing an information in the court of common pleas of Oklahoma county, charging the defendant, Orville Chambless, alias O. L. Chambless, and one Everett Munson, with the unlawful possession of intoxicatng liquor; the defendant Munson entered a plea of guilty; the defendant Chambless was tried, convicted, and pursuant to the verdict of the jury was senteneced to serve ninety days in the county jail and pay a fine of two hundred and fifty dollars ($250.00), and has appealed.

Two propositions are presented in the brief of defendant. First, the evidence was insufficient to sustain the conviction. Second, alleged error of the trial court in the admission of incompetent and hearsay testimony. As these two propositions are closely connected, we shall consider them together.

Officers Kolb and Roberts testified that they procured a search warrant and pursuant thereto made a search of a filling station located at 4203 North Lincoln, in Oklahoma City, and there found a large quantity of whisky. The codefendant, Everett Munson, was in charge of the station. The defendant, Chambless, was not present at the time of the search. The officers were permitted to testify, over the objection of counsel for defendant, that they saw a federal retail liquor dealer's license in the name of defendant O. L. Chambless tacked to the wall of the service station; and that also tacked to the wall was a state license issued by the Motor Fuel Division of the State Tax Commission, which was issued to O. L. Chambless authorizing him to sell motor fuel at the filling station which was searched. There was later introduced in evidence a certified copy of a federal retail liquor dealer's license issued by the Collector of Internal Revenue at Oklahoma City in the name of the defendant Chambless, showing the payment by him of tax in the sum of $27.50 for such permit for the period of time from July 1, 1948 to June 30, 1949. The license permitted the retail sale of liquor by the defendant at 4203 North Lincoln in Oklahoma City, which were the premises searched.

The defendant presented a motion for an instructed verdict at the close of the state's evidence, and upon its being denied he rested his case without offering any evidence.

It is the contention of defendant that the only evidence to connect the defendant with the possession of the whisky in question was the testimony of the officers that his name appeared on two licenses tacked to the wall of the filling station. and that such testimony was hearsay and incompetent, irrelevant and immaterial, and not the best evdence as to what the licenses contained.

We have recently held that officers making a raid on a liquor establishment could testify to the fact that they saw a federal retail liquor dealer's license on the wall of the building, but we have not permitted them to testify concerning the contents of the license as the license itself would be the best evidence of what it contained. Ellington v. State 94 Okla. Cr. 26, 229 P. 2d 902. The court committed error in allowing the officers, over the strenuous objection of counsel for defendant, to testify in detail concerning the statements contained in the federal retail liquor dealer's license which they allegedly saw on the wall of the service station. The testimony as to what was contained in the federal retail liquor dealer's license was cured by the later admission in evidence of a certified copy of a license duly issued to the defendant for the premises in question, which substantiated everything testified to by the officers. The error in the admission of this evidence in the first instance therefore was harmless.

A different question is presented as to the state motor fuel license from that of the federal liquor dealer's license. Under the uniform tax procedure act, 68 O. S. 1941 § 1454, the records and files of the Tax Commission are confidential and privileged and the employees of the commission are not authorized to divulge any information pertaining to their records. Oklahoma Tax Commission v. Clendinning, 193 Okla. 271, 143 P. 2d 143, 151 A. L. R. 1035. By reason of the provisions of this statute it was impossible for the county attorney to procure a certified copy of the motor fuel license for the purpose of introducing it in evidence against the accused. Since the original license was in the possession of the accused he could not be compelled to produce it, because to do so would be a violation of the immunity secured to him by our Constitution which provides that no person in a criminal case could be compelled to give evidence against himself. Art. 2, sec. 21, Okla. Const. For that reason it was proper to admit the testimony of the officers concerning the motor fuel license. For an annotation on the admissibility of secondary evidence of incriminating document in possession of defendant see Lisansky v. United States, 4 Cir., 31 F. 2d 846, 67 A. L. R. 77.

Even with the admissibility of this evidence established, the case insofar as it connects the defendant Chambless with the possesson of whisky is not strong. The state could have strengthened it in many ways, but we are here not concerned with the criticism of the state for their laxity with not introducing more evidence, but solely with the question as to whether the evidence as introduced was legally sufficient to incriminate defendant. We have consistently adhered to the rule that where there is any competent evidence to connect the defendant with the commission of the crime the weight to be given to the evidence is a matter for the consideration of the jury. The evidence does show that the defendant had issued to him a license to sell intoxicating liquor at the address where the whisky was found and that he paid $27.50 for such federal permit. The additional fact that the license to operate the filling station for the purpose of selling motor fuel at the address where the liquor was found was posted in a conspicuous place, as provided by law, made a sufficient showing of defendant's connection with the premises where the liquor was found to authorize the submission of the issue to the jury for their determination as to his connection with the whisky. The licenses were nontransferable and were in effect at the time the search was made. In the absence of any evidence to the contrary the licenses were sufficient to make a prima facie showing that defendant had supervision of the premises involved.

The judgment is affirmed.

BRETT, P. J., and POWELL, J., concur.