## O'HARA v. STATE.

No. A-11326. May 16, 1951.

(231 P. 2d 705.)

John A. Cochran, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. The plaintiff in error, Floyd O'Hara, hereinafter referred to as defendant, was charged by information filed in the court of common pleas of Tulsa county with the offense of unlawful possession of intoxicating liquor. It was alleged in substance that on the 8 day of July, 1949, the defendant was unlawfully in possession of approximately 26 pints of assorted brands of whisky, and four pints of gin. Thereafter a warrant was issued based on said information, and the return indicates that it was properly executed and served, and defendant entered a plea of not guilty and was admitted to bail.

Following this, a motion to suppress the evidence was filed, and the same came on for hearing on October 19, 1949, and both the state and defendant agreed that the evidence presented on the motion to suppress could be used in the principal trial of the case, and a jury was waived. The court decided the issues against the defendant, and entered judgment, assessing his punishment at 60 days imprisonment in the county jail, and to pay a fine of $200.

Appeal has been duly perfected to this court. The specifications of error in petition in error will herein be treated together, although they are argued in brief under two propositions, as follows:

"(1) That the trial court erred in denying and overruling his motion to suppress the evidence, and

"(2) That the evidence is not sufficient to sustain the judgment of conviction."

In the beginning we note that the search warrant authorized the following premises to be searched:

"All that part of a certain one-story concrete block building occupied and used in storing and repairing automobiles and located at 2143 South Quannah Avenue, a street in the City of Tulsa, Tulsa County, Oklahoma, together with the curtilage thereof and the appurtenances thereunto belonging."

It is important that it be kept in mind that the search warrant limited the search to the specific part of the building occupied and used in repairing automobiles, which distinguishes this case from such cases as Isbell v. State, 78 Okla. Cr. 78, 143 P. 2d 627, and Ellington v. State, 94 Okla. Cr. 26, 229 P. 2d 902.

The evidence developed that the building in question was owned by the father of the defendant, that it was a one-story concrete block building, facing west, and was numbered 2143 South Quannah; also that the front of the building was used by a Mr. Robinson for his automobile business; that there was a partition in the center of the building through which there was an entrance to an apartment in the east end; there was a room there with a bed in it and there was also a kind of storage room. The evidence does not disclose whether there was a kitchen or whether defendant had a wife living in this apartment with him or not. Defendant had caused a number, 2143½, to be placed over the front door to his apartment. There was a rear door to the outside of the building.

Officers Covin, Rains, Wisenhunt and Bradshaw made the raid in question, the first three officers named going to the front entrance to the building, and Mr. Bradshaw going to the rear, presumably in view of the directive of the warrant, not to search the apartment, but to prevent anyone trying to escape from the garage portion of the building through the rear apartment. The evidence discloses that Officer Bradshaw saw through a rear window a man on the floor of the bedroom, working with the baseboard; and the officer stepped through the open back door into an adjoining, bare room, where he could better watch the man whom he identified as Floyd O'Hara, and thereafter he saw O'Hara remove a section of the baseboard and obtain a pint of whisky, and then start to the front. The officer was careful not to let defendant discover that he had been watching him, and Mr. Bradshaw thereafter stepped out through the back door and went around to the front. In the meantime, when the defendant walked out into the garage or automobile repair shop, the other officers were standing there and served the "John Doe" search warrant on defendant, and took possession of a pint of whisky that he had in his hand.

No one was present and in charge of the garage portion of the building at the time, and the defendant had free access to the same and was apparently using it as a delivery place for his liquor. His door bell was on the outside front of the building, and the front was not locked when the officers arrived. The evidence fails to show that Mr. Robinson ever put in his appearance.

So far as the pint of whisky is concerned, we find the officers to have been in a place where they had a right to be under authority of the search warrant in question, at the time the defendant, on his own initiative and not through any procurement on the part of the officers, stepped into the garage with the pint of whisky in open view of all present. It may have been the pint that Officer Bradshaw had seen in possession of the defendant. It may not have been. The evidence does not conclusively show. At all events, the officers had a right and it was their duty to make an arrest by reason of a misdemeanor having been committed in their presence. And the testimony of Officer Rains is that he did make the arrest at that time. Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716. And the pint alone was sufficient basis for a prosecution in that it was stipulated that the defendant at the time and place of his arrest held a current Federal Retail Liquor Dealer's license. Tit. 37 O. S. 1941 § 81; Gentry v. State, 85 Okla. Cr. 296, 187 P. 2d 1010.

The search warrant handed the defendant, as we have seen, only entitled the officers to search the garage part of the building in question. At the time, the officers were justified in thinking that the defendant was in charge of the garage. But irrespective of the search warrant, the officers ordinarily would have been entitled to search the apartment of the defendant by reason of the violation of the law in the presence of the officers, as above set out. However, just as the search warrant had been served and the arrest made, Officer Bradshaw put in his appearance and stated: "I know where the plant is at." He then accompanied the other officers to defendant's bedroom and pointed out a secret cache, and additional liquor (25 pints of whisky and 4 pints of gin) was discovered, and with the pint taken from the defendant at the time of the arrest formed the basis of the information filed. The cache had been previously discovered by Officer Bradshaw, as stated, and by reason of a trespass. We give the defendant the benefit of the doubt in this conclusion, for at one place Officer Bradshaw indicated that he discovered the cache while looking through the back window from the outside, and also that the room from which he finally watched was an incompleted room with lumber strewn around, and defendant on motion to suppress, offered little testimony concerning the apartment. But we conclude that prior to the arrest the discovery of the cache was incident to an unlawful invasion by Officer Bradshaw, and not independent of or precedent to the invasion. Art. II, § 30 of the Constitution of Oklahoma having been violated, the liquor obtained by way of the search of the apartment was incompetent as evidence in the case.

While a jury was waived, no doubt the court gave consideration to the amount of intoxicating liquors found in the ingenious cache discovered by means of an unlawful invasion, and for such reason the amount of punishment will be reduced from 60 days imprisonment and fine of $200, to 30 days imprisonment and a fine of $100.

As so modified, the judgment and sentence of the court of common pleas of Tulsa county is affirmed.

BRETT, P. J., and JONES, J., concur.