**J. R. BAKER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12379.**

Criminal Court of Appeals of Oklahoma.

Jan. 9, 1957.

Bailey & Pitchford, by J. I. Pitchford, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, J. R. Baker, defendant below, was charged in the Superior Court of Okmulgee County, Oklahoma, by information with having committed the crime of theft of domestic animals, to wit: two white face heifers and one white face steer, on or about the 1st day of November, 1955, in the aforesaid county and state. He was tried by a jury, convicted, and the jury being unable to agree upon the punishment, left the same to the discretion of the trial court which fixed the punishment at three years in the state penitentiary. Judgment and sentence were entered accordingly from which this appeal has been perfected.

The defendant raises three contentions. First, he contends that the trial court permitted the Sheriff of Okmulgee County to remain in the courtroom after the rule for the exclusion of witnesses had been called for. In this regard, it was alleged that by reason of the investigation he had made, the Sheriff was one of the state's principal witnesses.

This contention has been resolved against the defendant in Harrell v. State, 36 Okl. Cr. 225, 253 P. 516, wherein the rule was stated as follows:

"The exclusion of witnesses for the state, at defendant's request, is not an absolute right in all cases, but rests in the sound discretion of the trial court, and this includes the power to except one or more witnesses from the operation of the rule.

"It is proper practice to permit the prosecuting witness, or some officer active in the prosecution of the case, to remain in the courtroom to advise the prosecuting attorney as to the facts, interest, and character of witnesses, etc., though the state's witnesses generally are excluded."

To the same effect are McKinnon v. State, Okl.Cr., 299 P.2d 535; Hatfield v. State, 49 Okl.Cr. 41, 292 P. 1058; Barnett v. State, 41 Okl.Cr. 153, 271 P. 956.

It is next contended by the defendant that the trial court erred in receiving the jury's informal verdict to the effect that they found the defendant guilty and left the punishment to the trial court. There was no finding in the verdict that they had considered the matter of punishment and were unable to agree upon the same. When the verdict was received, there was no objection interposed by the defendant. The record discloses, however, that the trial court made thorough inquiry of the jurors as to whether they had tried to arrive at the punishment. The jurors all replied in the affirmative. This question was not raised until the defendant filed his motion for new trial. The point thus raised is completely answered in Wilson v. State, 94 Okl.Cr. 189, 237 P.2d 177, 183, wherein it was said:

"* * * it is urged under defendant's proposition No. 3, that the trial court erred in receiving the verdict of the jury and in leaving the punishment of defendant to the court without stating, that they could not agree upon the punishment as instructed by the trial court's instruction No. 15A. We did not overlook this contention but found the same to be wholly without merit. It is without merit for the record shows that no objection was made at the time the verdict was returned but objection was made for the first time on motion for new trial. The objection therefore came too late as has been repeatedly held by this court."

Ladd v. State, 89 Okl.Cr. 294, 207 P.2d 350.

Finally, the defendant contends that the court should have granted the plaintiff in error's request for an instruction that in a criminal case a verdict of not guilty is a verdict of not proven. The request was predicated upon a quotation from De Armond v. State, Okl.Cr., 285 P.2d 236. We believe this point is without merit in view of the fact that the court's instruction on reasonable doubt was entirely adequate. Nevertheless, the point may not be raised on appeal in view of the fact that same was not presented in the motion for new trial. Only those assignments of error preserved in the motion for new trial will be considered in an appeal to this court unless the error is of fundamental character. Washington v. State, 73 Okl.Cr. 81, 118 P.2d 267. This proposition is not of fundamental character.

Judgment and sentence affirmed.

JONES, P. J., and POWELL, J., concur.