**Robert LINDE, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**Nos. A–12694, A–12695.**

Court of Criminal Appeals of Oklahoma.

July 15, 1959.

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Robert Linde, defendant below, from the judgment and sentence in two separate cases, herein consolidated, for violation of 21 O.S.1951 § 1021, for allegedly making and preparing obscene pictures or photographs with a camera. He was tried by the court and convicted, his punishment being fixed at six months and $500 in case No. 17595, and at three years in the state penitentiary, suspended on good behavior, in case No. 17596. Judgment and sentence were entered accordingly, from which this consolidated appeal was perfected.

The defendant interposed a motion to suppress the evidence, based on his contention of an invalid search and seizure. The attorney general, while not confessing error, has indicated his inability to sustain the search and seizure under the law. We are of the opinion the contention is based upon solid ground for several reasons. It will be necessary, however, to consider only one of them.

The search warrant under which the search was made was a "John Doe" warrant describing a certain residential building at 1503 N. Denver, Tulsa, Oklahoma, whose owner was not named, occupied by more than two people as an office building. Among the people occupying the building were Linde and a man by the name of Moutney, with a desk in the same room where Linde's desk was located. They were not associated in this unlawful enterprise. The officer could not tell from the warrant where Linde's desk was situated, but had to have it pointed out to him by the receptionist. This was a blanket search warrant which has been held to be bad in numerous cases. 79 C.J.S. Searches and Seizures § 81(2), p. 891; 56 C.J. 1235, Searches and Seizures § 149(bb), n. 56.

A search warrant describing premises occupied by more than one family or *business* by a single street number is void and this rule has been applied unless the whole place or each occupant is connected with the alleged unlawful act. Linthicum v. State, 66 Okl.Cr. 327, 92 P.2d 381, 382, holding, in syllabus 4:

"Where place to be searched is described in complaint or affidavit and in the search warrant issued thereon by a single street number, without naming the owner or any of the occupants, where two or more families reside in separate apartments, a search warrant directing the officers to search the premises designated by such single number, is void, because in legal contemplation it describes more than one 'place'."

Gill v. State, 71 Okl.Cr. 247, 110 P.2d 926; Littke v. State, Okl.Cr., 267 P.2d 614; Wallace v. State, 89 Okl.Cr. 365, 208 P.2d 190, holding in syllabi 1 and 2:

"A search warrant must so particularly describe the place to be searched that the officer to whom it is directed may determine the place from the war-

rant, leaving no discretion as to the place to be searched.

"Where a search warrant describes premises upon which are located more than one house in which persons reside other than the accused, the same is what the law denominates a blanket warrant, and is ordinarily insufficient in law to sustain a search."

These rules are applicable to business establishments as they are to private dwellings.

Thus, as herein indicated, the evidence upon which the convictions were predicated was unlawfully obtained. The trial court erred in not sustaining the defendant's motions to suppress the evidence. The guilt of the defendant is clearly evident, but the manner of obtaining the evidence unfortunately violates the principles of due process. The officers who made this search and seizure operated not only unlawfully, but awkwardly and inexcusably.

The judgment and sentence in each of the consolidated causes is reversed and the same are remanded to the trial court with directions to dismiss the same.

POWELL, P. J., and NIX, J., concur.