## BREWER v. STATE.

No. A-11544. June 4, 1952.

(245 P. 2d 125.)

Percy Hughes, Hobart, for Plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Ass't. Atty. Gen., for defendant in error.

JONES, J. The defendant, Clyde Brewer, was charged by an information filed in the county court of Beckham county with the offense of unlawful possession of intoxicating liquor; was tried, found guilty by the jury who left the punishment to the court; thereafter the defendant was sentenced to serve 30 days in the county jail and pay a fine of $100, and has appealed.

It is contended that the trial court erred in overruling the motion to suppress evidence filed and presented by counsel for defendant prior to the commencement of the trial. The motion to suppress evidence alleges that the evidence "was obtained by means of an illegal search and seizure and made in violation of the constitutional and statutory rights of the defendant".

At the hearing on the motion to suppress evidence it was contended by counsel for defendant that the search warrant served by the officers upon the accused described a building which was an apartment house; that the defendant Brewer occupied only one of the apartments in said house and that the search was illegal for the reason that the warrant was a blanket search warrant covering premises occupied by more than one family.

Two witnesses were called in support of the motion to suppress. Sam Montgomery, sheriff of Beckham county, testified that he was the person who filed the affidavit to obtain the search warrant and was also the person who executed the warrant by making a search of the premises described in the warrant. The affidavit and search warrant were identified and introduced in evidence. The premises described in the warrant were lots 1 and 2 in block A of the Wolfley Addition in the city of Elk City. The sheriff testified that pursuant to the warrant he searched the large house on the premises described in the warrant and found the intoxicating liquor which formed the basis of the prosecution; there was an upstairs portion of the building which was searched and also a downstairs portion; defendant was at the house at the time the search was made; he did not know whether anyone else occupied any part of the house.

Joe Bucek, who lived in Elk City, testified that he was acquainted with the premises described as Lots 1 and 2 in Block A of the Wolfley Addition; that the house was a large two story house with an apartment upstairs and one downstairs; the upstairs apartment was occupied by Pete Maxwell and the downstairs apartment by the defendant Clyde Brewer; Jimmy Henderson had rented the northwest bedroom and was occupying it on May 13, 1949, at the time of the search.

At that point in the interrogation the county attorney objected to the questioning as incompetent, irrelevant and immaterial "for the reason that counsel is attempting to attack the search warrant". The record then discloses the following occurred:

"By the Court—It is the Court's opinion that as to who lived in certain rooms of the premises searched and as to whether or not the whiskey belonged to anyone on the property searched is a question of the jury and not a question to be determined on motion of this kind and that it attacks the search warrant. By Mr. Hughes—We are not attacking the search warrant, we are attacking the legality of the search. By the Court—Objections sustained. Mr. Hughes—Exceptions. By the Court—Exceptions allowed. By Mr. Hughes—At this time the defendant offers proof of other witnesses in addition to the one who has just testified and would establish the fact that several people occupied the premises searched as a residence at the time the said search was made. By the Court—Overruled. Mr. Hughes—Exceptions. By the Court—Motion to suppress the evidence overruled. By Mr. Hughes—Exception."

Counsel for defendant had raised a question for determination of the court as to whether the premises described in the warrant covered the private residence of more than one family and accordingly constituted a blanket search warrant under the decisions of this court. The trial court should have permitted the evidence to have been introduced and it constituted error when he overruled the offer of proof made by counsel for defendant. It may have been that counsel for defendant would have been unable to have satisfactorily shown by evidence that the house which was searched was an apartment house containing the private residence of more than one family. The proof which he introduced had not satisfactorily shown such fact, however he might have been able to have made this showing, and if he could have satisfactorily shown that the warrant covered the private dwelling of more than one family it would have been the court's duty under the law to have suppressed the evidence which was obtained by reason of the search. In the recent case of Harper v. State, 94 Okla. Cr. 371, 236 P. 2d 272, 273, this court held:

"A search warrant which names the defendant and authorizes the search of an entire upper floor over a business building containing around fifteen rooms, stated to be occupied by him, and on motion to suppress the proof shows that defendant occupied an apartment in one end of the said upper floor, and another person maintained a home in the other end of said floor, and a third apartment is occupied by a husband and wife, and defendant's apartment is not particularly described, the warrant was void as being a 'blanket search warrant' covering the private place of abode of several people."

In Aldridge v. State, 72 Okla. Cr. 298, 115 P. 2d 275, it was stated:

"A search warrant which names defendant and authorizes the search of an entire apartment hotel building instead of particularly describing the apartment occupied by defendant, is void as being a blanket search warrant covering the private place of abode of several people, where defendant occupies only an apartment in the described building and other families occupy apartments in the same building."

It is our conclusion that the action of the court in stopping the proceedings at the time of the hearing on the motion to suppress evidence, and in refusing to permit counsel for defendant to show whether the house which was searched was an apartment house occupied by different families, was reversible error. Upon a retrial the court should permit a full hearing upon this question and then make his finding as to whether the house which was searched was in reality an apartment occupied by different individuals.

The judgment and sentence of the county court of Beckham county is reversed and remanded for further proceedings in accordance with the views herein expressed.

BRETT, P. J., and POWELL, J., concur.